Phillip SAPP, Appellant,

v.

CITY OF ST. LOUIS, et al., Respondents.

No. ED 93728.

Missouri Court of Appeals, Eastern District, Division Two.

July 13, 2010.

Charles W. Bobinette, St. Louis, MO, for Appellant.

Patricia L. Hageman, City Counselor, Christine L. Hodzic, Asst. City Counselor, St. Louis, MO, for Respondent.

ROBERT G. DOWD, JR., Judge.

Phillip Sapp ("Sapp") appeals from the judgment of the circuit court dismissing his petition for administrative review for lack of subject matter jurisdiction. We reverse and remand.

Sapp was employed by the Division of Corrections for the City of St. Louis ("the City") as a Corrections Officer II. On December 5, 2007, Sapp reported an inmate

count of seventy-nine, and it was subsequently determined that there were eighty inmates in Sapp's assigned housing unit. As a result of Sapp's actions, there was a recount, and Sapp admitted he did not physically conduct a count of the housing unit prior to the calling of the count, which was a violation of the policies of the Division of Corrections.

The Division of Corrections brought charges against Sapp because of this incident. The immediate appointing authority subsequently advised Sapp of charges against him. Sapp was given an explanation of the evidence, and was given an opportunity to present his defense. For his violation of the counting policy, the appointing authority gave him a four-day suspension without pay to be served from February 11–14, 2008.

Sapp subsequently appealed to the Civil Service Commission ("the Commission"), which reviewed and considered the written statement of the appointing authority, Sapp's written response, and the appointing authority's final written response. The

Commission found Sapp was advised of the charges against him, given an explanation of the evidence, and given an opportunity to present his defense. On July 2, 2008, the Commission issued findings of fact and conclusions of law and upheld Sapp's suspension.

On September 12, 2008, Sapp filed a petition for administrative review in the circuit court under Section 536.150, RSMo 2000.[1] Sapp argued the Commission's decision was against the overwhelming weight of the competent and substantial evidence. In particular, he argued he did not violate any work rule by failing to make an independent count of the inmates, and, at the time of the count, he was responding to a medical emergency in Housing Unit 3 Bravo and was escorting an inmate to the medical unit with the approval of his supervisor.

The City filed a motion to dismiss, arguing the circuit court lacked subject matter jurisdiction because Sapp's petition sought review under Section 536.150.[2] The City

1. All further references are to RSMo 2000, unless otherwise indicated.

2. Section 536.150 provides:
1. When any administrative officer or body existing under the constitution or by statute or by municipal charter or ordinance shall have rendered a decision which is not subject to administrative review, determining the legal rights, duties or privileges of any person, including the denial or revocation of a license, and there is no other provision for judicial inquiry into or review of such decision, such decision may be reviewed by suit for injunction, certiorari, mandamus, prohibition or other appropriate action, and in any such review proceeding the court may determine the facts relevant to the question whether such person at the time of such decision was subject to such legal duty, or had such right, or was entitled to such privilege, and may hear such evidence on such question as may be properly adduced, and the court may determine whether such decision, in view of the

facts as they appear to the court, is unconstitutional, unlawful, unreasonable, arbitrary, or capricious or involves an abuse of discretion; and the court shall render judgment accordingly, and may order the administrative officer or body to take such further action as it may be proper to require; but the court shall not substitute its discretion for discretion legally vested in such administrative officer or body, and in cases where the granting or withholding of a privilege is committed by law to the sole discretion of such administrative officer or body, such discretion lawfully exercised shall not be disturbed.
2. Nothing in this section shall apply to contested cases reviewable pursuant to sections 536.100 to 536.140.
3. Nothing in this section shall be construed to impair any power to take summary action lawfully vested in any such administrative officer or body, or to limit the jurisdiction of any court or the scope of any remedy available in the absence of this section.

claimed this was a contested case reviewable according to the provisions of Section 536.110.[3] Section 536.150 does not allow for review of administrative decisions in contested cases.

Sapp then filed a motion for leave to file his first amended petition for administrative review, seeking to plead he was entitled to review under the contested and non-contested provisions of Chapter 536. His motion for leave was denied.

The circuit court found the case was a contested case and, as such, review was not appropriate under Section 536.150. Further, the circuit court found the Commission's final decision was dated July 18, 2008, and Section 536.110 provided that Sapp had thirty days after the mailing or delivery of the notice of the final decision to file a petition for administrative review in the circuit court. However, Sapp did not file his petition until September 12, 2008, and thus, the circuit court concluded it did not have jurisdiction and it dismissed Sapp's petition for administrative review. This appeal follows.

Initially, we note the City has filed a motion to dismiss pursuant to Section 536.110.1 contending that this court has no subject matter jurisdiction over this case, and this motion has been taken with the case.

■ Where the facts are uncontested, a question as to the subject-matter jurisdiction of a court is purely a question of law, which is reviewed *de novo*. *McCracken v. Wal–Mart Stores East, LP*, 298 S.W.3d 473, 476 (Mo. banc 2009).

In its motion to dismiss, the City argues the Commission's decision upholding Sapp's four-day suspension was mailed on July 19, 2008. However, Sapp did not file an appeal in the circuit court until September 12, 2008. Thus, the City asserts because Sapp's case was a contested case as set forth in Section 536.110, Sapp failed to timely appeal the decision of the Commission within thirty days of the mailing of the notice of the administrative decision as required by Section 536.110.1. The City concludes because the circuit court lacked subject matter jurisdiction, this court also lacks jurisdiction.

■ In order to rule on the City's motion to dismiss, we must determine whether Sapp's case was a contested or non-contested case. The City asserts this matter was a contested case while Sapp contends it was non-contested. Because this determination is also at issue in Sapp's first and second points, we will begin by evaluating these points together.

In his first point, Sapp argues the circuit court erred in dismissing his petition because the circuit court had jurisdiction to review Sapp's four-day suspension without pay under Section 536.150 as a non-contested case because he had no statutory or constitutional right to an evidentiary hearing before the Commission. In his second point, Sapp alternatively argues the circuit court erred in dismissing his petition because the circuit court had jurisdiction to review Sapp's four-day suspension without pay under Section 536.150 as a contested case because the Commission's decision was void in that Sapp was not afforded a contested case hearing.

■ Determining whether an administrative proceeding is a contested or non-contested case is not left to the discretion of the administrative body, but is, rather, determined as a matter of law. *State ex rel. School Dist. of Kansas City v. Wil-*

---

3. Section 536.110.1 provides: "Proceedings for review may be instituted by filing a petition in the circuit court of the county of proper venue within thirty days after the mailing or delivery of the notice of the agency's final decision."

*liamson,* 141 S.W.3d 418, 426 (Mo.App. W.D.2004).

Contested case review is controlled by sections 536.100 to 536.140. Contested cases provide the parties with an opportunity for a formal hearing with the presentation of evidence, including sworn testimony of witnesses and cross-examination of witnesses, and require written findings of fact and conclusions of law. The review of a contested case is a review by the trial court of the record created before the administrative body. The trial court's decision upon such review is appealable, but the appellate court also looks back to the record created before the administrative body.

Non-contested cases do not require formal proceedings or hearings before the administrative body. As such, there is no record required for review. In the review of a non-contested decision, the circuit court does not review the administrative record, but hears evidence, determines facts, and adjudges the validity of the agency decision. Under the procedures of section 536.150, the circuit court conducts such a hearing as an original action.

In either a contested or a non-contested case the private litigant is entitled to challenge the governmental agency's decision. The difference is simply that in a contested case the private litigant must try his or her case before the agency, and judicial review is on the record of that administrative trial, whereas in a non-contested case the private litigant tries his or her case to the court. Depending upon the circumstances, this difference may result in procedural advantages or disadvantages to the parties, but in either situation, the litigant is entitled to develop an evidentiary record in one forum or another.

*City of Valley Park v. Armstrong,* 273 S.W.3d 504 (Mo. banc 2009), *quoting Furlong Companies, Inc. v. City of Kansas City,* 189 S.W.3d 157, 165 (Mo. banc 2006) (internal citations omitted).

 Under Section 536.010(4), " '[c]ontested case' means a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after a hearing." The term "hearing," as used in section 536.010(4), means a proceeding at which a "measure of procedural formality" is followed. *Ladd v. Missouri Bd. of Probation and Parole,* 299 S.W.3d 33, 38 (Mo. App. W.D.2009). Procedural formalities in contested cases generally include: "notice of the issues (section 536.067); oral evidence taken upon oath or affirmation and the cross-examination of witnesses (section 536.070); the making of a record (section 536.070); adherence to evidentiary rules (section 536.070); and written decisions including findings of fact and conclusions of law (section 536.090)." *City of Valley Park v. Armstrong,* 273 S.W.3d 504, (Mo. banc 2009). The "law" referred to in the contested case definition encompasses any statute or ordinance, or any provision of the state or federal constitutions that mandates a hearing. *State ex rel. Yarber v. McHenry,* 915 S.W.2d 325, 328 (Mo. banc 1995). In determining if a hearing comports with these formalities, the statute, ordinance, or constitutional provision requiring the hearing is examined. *See Ladd,* 299 S.W.3d at 38. Where the State grants an employee a right or expectation that adverse action will not be taken against him except upon the occurrence of specified behavior, the determination of whether such behavior has occurred becomes critical, and the minimum requirements of procedural due process appropriate for the circumstances must be observed. *See Vitek v. Jones,* 445 U.S. 480, 491, 100 S.Ct. 1254, 63

L.Ed.2d 552 (1980) *and Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 541, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). These minimum requirements are a matter of federal law, and they are not diminished by the fact that the State may have specified its own procedures that it may deem adequate for determining the preconditions to adverse official action. *Id.*

Here, there is no statute or ordinance requiring a hearing. Thus, we must examine whether constitutional provisions, such as the due process clause, require a hearing under these circumstances. Specifically, we must determine whether Sapp had a right to continued employment with the City.

A property interest in public employment is based upon a reasonable and legitimate expectation of continued employment. *Fransk v. Curators of University of Missouri,* 268 S.W.3d 476, 480–81 (Mo.App. W.D.2008). An employee who can only be discharged for cause has a constitutionally-protected property interest in continued employment, which creates a right under Missouri law to notice and a hearing prior to being discharged from his employment. *Wooldridge v. Greene County,* 198 S.W.3d 676, 683–84 (Mo.App. S.D.2006). In addition to discharges for cause, suspensions for cause have also been found to implicate constitutionally-protected property interests. A three-day suspension of a city employee has been considered a constitutionally-protected property interest such that the case was reviewed as a contested case. *Patrick v. City of Jennings,* 295 S.W.3d 921, 927 (Mo.App. E.D.2009), *see also State ex rel. City of Springfield v. Bonacker,* 923 S.W.2d 467 (Mo.App. S.D.1996)(analyzing a one-day suspension as a contested case) *and Jarrett v. Hill,* 648 S.W.2d 170 (Mo. App. E.D.1983)(analyzing a five-day suspension as a contested case).

Sapp asserts alternatively that he has a constitutionally-protected property interest in his continued employment with the City. Sapp also maintains his four-day suspension was a significant loss of property, implicating due process protections. We agree and find a constitutionally-protected property interest is at issue in this case. As a result, Sapp was entitled to have his case adjudicated as a contested case, as he argues alternatively in his second point. Because there was a constitutionally-protected property interest at issue here, the Commission was obligated to provide Sapp with a contested case hearing to protect his right to due process.

An employee has an opportunity to receive some measure of post-termination process, usually a hearing with heightened procedural safeguards. *Krentz v. Robertson Fire Protection District,* 228 F.3d 897, 902 (8th Cir.2000). Similarly, Sapp had a right to a hearing with heightened procedural safeguards to challenge his suspension because his procedural due process rights were implicated.

The Missouri Administrative Procedure Act ("MAPA"), Sections 536.010–.150, sets out the procedural requirements for such a hearing with heightened procedural safeguards. The Commission is required to follow these statutory procedures because it constitutes an "agency" for purposes of the Missouri Administrative Procedure Act, Sections 536.010–.150. *See Schwartz v. City of St. Louis,* 274 S.W.3d 509, 512 (Mo.App. E.D.2008). However, it is clear that the procedures in the MAPA were not followed by the Commission, particularly those related to the conduct of the hearing in Section 536.070.

The City, on the other hand, argues that Sapp got what he requested. The City noted Civil Service Rule XIII provides:

Any regular permanent employee in the competitive service, subject to the provisions of Article XVIII and these rules, who believes he has been dismissed, retired, demoted, suspended or reduced in pay without just cause may, within ten (10) days after the effective date of such action or receipt of status form, request in writing a *hearing or review* to determine the reasonableness of such action. The Commission shall act on the employee's request in an expeditious manner and shall grant the employee such hearing or other review as soon as possible considering the nature of the appeal and the Commission's docket of hearings and reviews. (emphasis added)

Here, the City asserts Sapp requested a written review, and received such a review. However, our review of the record shows Sapp was merely acting according to the Commission's policy, which stated, in pertinent part "[t]he Civil Service Commission adjudicates appeals from suspensions of less than 15 days, reductions in pay equal to 14 days or less, docks and Service Ratings based upon written submissions from both parties." Thus, Sapp's right to due process was violated when he did not get a contested case hearing.[4]

■■■ However, the City contends Sapp waived his right to a contested case hearing by failing to request a hearing. In *Krentz*, the court found an employee could waive a procedural due process claim by refusing to participate in post-termination administrative or grievance procedures made available by the state. *Krentz*, 228 F.3d at 904. In *Krentz*, the plaintiff's contention that he was unaware of his right to request a contested case hearing was unavailing because it rested on a legal,

rather than a factual, misunderstanding, and persons are presumed to know the law. *Id.*

However, in this case, unlike in *Krentz*, Sapp was affirmatively informed the Commission's policy was to handle suspensions like his through a written review process, which did not include the procedural due process protections afforded in contested cases. Thus, Sapp did not waive his procedural due process claim by requesting written review because the Commission improperly presented written review as his only option. Even if Sapp believed he was entitled to a hearing, the Commission's policy stated he was only entitled to written review because his suspension was for less than 15 days.

Our colleagues dealt with a similar circumstance in *Twelve Oaks Motor Inn, Inc. v. Strahan*, 110 S.W.3d 404, 408 (Mo.App. S.D.2003), where the Commission provided Instructions and Information to Twelve Oaks that gave erroneous information regarding when an appeal from the Board of Equalization must be filed. Then Commission refused to accept the complaint by which Twelve Oaks sought to appeal, although the complaint was filed within the time specified in the Instructions and Information the Commission had provided. *Id.* To rectify this situation, the court applied the doctrine of equitable estoppel and found the Commission's order declaring that it was without jurisdiction to be unauthorized by law. *Id.* at 409.

■■■ In this case, Sapp asserted the doctrine of quasi-estoppel prevents a party from taking a position directly contrary to or inconsistent with another position previously taken. *See Glenstone Block Co. v.*

---

4. Sapp's alternative argument in his second point was that Sapp's case could be reviewed under Section 536.150 as a contested case since he did not receive a contested case hearing. However, this argument fails because Section 536.150.2 clearly states Section 536.150 does not apply to contested cases.

*Pebworth,* 264 S.W.3d 703, 710 (Mo.App. S.D.2008) *and Porter v. Erickson Transport Corp.,* 851 S.W.2d 725, 736 (Mo.App. S.D.1993). In this case, the City took the position that Sapp was not entitled to a contested case hearing through its promulgation of the Commission's policy that suspensions such as his were handled through written review procedures that fall short of those required for contested case hearings. Then when Sapp attempted to appeal his case under the statute for non-contested cases, the City changed its position and argued he was entitled to a contested case hearing, but that he waived it. Further, the City asserted because he was entitled to a contested case hearing, his notice of appeal of the Commission's decision was untimely. As a result, we find the doctrine of quasi-estoppel applies to prevent the City from contending Sapp waived his contested case hearing after it led him to believe he was only entitled to a non-contested written review.

Therefore, applying the doctrine of quasi-estoppel, we find the trial court's judgment finding it did not have subject matter jurisdiction in this case was unauthorized by law. As a result, we hereby deny the City's motion to dismiss for lack of subject matter jurisdiction, and we remand this matter to the circuit court with orders to remand it to the Commission so the Commission can hear and decide the appeal in accordance with contested case procedures prescribed by Section 536.010 et seq.

SHERRI B. SULLIVAN, P.J., and PATRICIA L. COHEN, J., concur.