**FEDERAL NATIONAL MORTGAGE ASSOCIATION, Respondent,**

v.

**Harvey L. PACE and Christine Pace, Appellants.**

**Nos. ED 99061, ED 99062.**

Missouri Court of Appeals, Eastern District, Division Four.

Oct. 1, 2013.

Jane C. Hogan, St. Louis, MO, for appellants.

Scott B. Mueller, Kristin J. Steinkamp, St. Louis, MO, for respondent.

LAWRENCE E. MOONEY, Presiding Judge.

The defendants, husband and wife Harvey and Christine Pace, appeal the grant of summary judgment entered by the Circuit Court of St. Louis County in favor of the plaintiff, Federal National Mortgage Association ("Fannie Mae"), quieting title to certain real property in Fannie Mae's name. We conclude that the trial court erred in deciding, as a matter of law, that the deed of trust identifying the husband as the only grantor and borrower, and signed only by the husband, constituted a valid, first-priority lien encumbering the full fee interest in certain property the husband and wife held as tenants by the entirety. We reverse the trial court's judgment and remand for further proceedings.

On June 20, 2002, the Paces took title to residential property located in Olivette, Missouri. The trustee of the Rosalynd Sarno Feldman Revocable Living Trust dated 9/20/99 executed a special warranty deed conveying the property to "Harvey L. Pace and Christine Pace, husband and wife." About one week later, the husband executed a promissory note for $197,000 to purchase the property, secured by a deed of trust to First Horizon Home Loan Corporation, the original lender. The promissory note identified only the husband as borrower, and the deed of trust identified only the husband as the grantor and borrower. Only the husband signed and initialed the note and deed of trust, thereby covenanting that he was lawfully seised of the estate and had the right to grant and convey the property. The deed of trust secured to the lender repayment of the loan and performance of the borrower's covenants and agreements under the deed of trust and the note. For that purpose, the husband as borrower "irrevocably grant[ed], bargain[ed], [sold], convey[ed], and confirm[ed] to [the] Trustee, in trust, with power of sale" the subject property.

The wife signed neither the promissory note nor the deed of trust. She later testified at deposition that she had no input into buying the property, that her husband took care of everything, that she did not apply for a loan in connection with the property, that she did not intend to take an interest in the property, and that until the instant litigation, she did not know that she was an owner of the property. The wife was not instructed to attend the closing, but she testified that she did so simply to accompany her husband. At the closing, at which the husband signed the promissory note and deed of trust, the wife signed a document titled "Assent to Execution of Deed," which provided as follows.

I, Christine Pace, of the County of St. Louis, State of Missouri, the spouse of Harvey L. Pace, do hereby expressly assent to the conveyance of real estate made by my said spouse at any time, and acknowledge and state that any such conveyances are not to be deemed to be in fraud of my marital rights. I further assent to execution of any documents including the execution of loan documents such as Promissory Notes

and Deeds of trust by said spouse in connection with property located to-wit:

[legal description of the subject property]

Commonly referred to as: [street address], Olivette, Mo. 63132

This instrument is executed so that Harvey L. Pace, my spouse, may execute and deliver conveyance of this real estate without my joinder therein or without my express assent to this particular conveyance endorsed herein, as required by Section 474.150 of the laws of 1957.

In witness whereof, I have hereunto set my hand this 28th day of June, 2002. The assent bears the wife's signature and is notarized.

The original lender prepared the note, deed of trust, assent, and other closing documents as if the husband were the sole owner of the property although the special warranty deed conveying the property to the Paces conveyed the property to both of them as husband and wife. An affidavit executed by the husband and submitted in opposition to Fannie Mae's motion for summary judgment, however, stated that it had always been the husband's "legal position" that the property be titled in both his and his wife's name. The special warranty deed conveying the property to the Paces and the deed of trust were recorded with the St. Louis County Recorder of Deeds on July 10, 2002.

Fannie Mae contends that the husband defaulted on the promissory note, and the property went into foreclosure. The wife testified that she telephoned the lender at the time to try to learn what was happening, but the lender refused to speak with her. Fannie Mae obtained the property at a foreclosure sale on September 2, 2010. Fannie Mae filed an action for unlawful detainer in the Circuit Court of St. Louis County, and ostensibly obtained a consent judgment against both the husband and wife. The Paces were not represented by counsel when they appeared in court regarding the unlawful-detainer action.

After obtaining the consent judgment in the unlawful-detainer action, Fannie Mae then filed the instant action, alleging a mutual mistake and that all parties intended the deed of trust to fully encumber the property. Fannie Mae sought to quiet title to the property, requesting a judgment that the deed of trust constituted a valid first-priority lien encumbering the full fee interest held by both the husband and wife in the property. In the alternative, Fannie Mae sought an equitable lien. Fannie Mae did not expressly seek to reform the deed of trust based on mutual mistake or fraud. Nor did Fannie Mae assert a separate claim against the husband for breach of contract on the promissory note. Both Fannie Mae and the Paces moved for summary judgment.

The trial court granted Fannie Mae's motion and denied the Paces' motion, quieting title in Fannie Mae and holding that the deed of trust constituted "a valid, first-priority lien against the full fee interest held by Harvey L. Pace and Christine Pace in the [p]roperty" and that the foreclosure sale extinguished the interests of the Paces in the property.

The Paces appeal. They claim the trial court erred in granting summary judgment to Fannie Mae because the deed of trust from the husband to the original lender was void and conveyed no interest in the property to the lender. Fannie Mae counters that it holds a superior claim to title because the wife's actions demonstrate that the Paces intended to, and did, take all actions necessary to place a valid lien on the property based on the parties' mistaken understanding of how title to the property would vest. Fannie Mae argues

that no genuine issue of material fact exists regarding the parties' intent to encumber the Paces' entire interest in the property, that the Paces are estopped from denying their intent because they ratified this intent when they consented to judgment against them in the unlawful-detainer action, and that the Paces failed to raise the issue of whether the deed of trust was void in the trial court.

Summary judgment allows a trial court to enter judgment for the moving party where the party demonstrates a right to judgment as a matter of law based on facts about which there is no genuine dispute. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). "Our review is essentially *de novo.*" *Id.* When considering an appeal from summary judgment, we review the record in the light most favorable to the party against whom judgment was entered. *Id.* Thus, we afford the benefit of all reasonable inferences to the non-movant. *Id.*

We consider Fannie Mae's additional counterarguments before we consider the central question of whether the deed of trust is void, as the Paces allege, or whether it conveyed a valid lien against the husband's and the wife's entire interest in the property. First, we observe that the Paces did, indeed, raise in the trial court the issue that the deed of trust was void. The Paces argued in the summary-judgment proceedings that both the husband and wife held the property and that consequently the deed of trust and assent were of no force and effect.

■■■ Second, we reject Fannie Mae's argument that the Paces ratified their intent to encumber the entire property with the deed of trust when they signed the consent judgment in the unlawful-detainer action. " '[R]atification' is an express or implied adoption or confirmation, *with knowledge of all material matters,* by one person of an act performed in his behalf by another who at that time assumed to act as his agent but lacked authority to do so." *Am. Multi–Cinema, Inc. v. Talayna's N.W., Inc.,* 848 S.W.2d 557, 559 (Mo.App.E.D.1993)(quoting *Wilks v. Stone,* 339 S.W.2d 590, 595 (Mo.App.Spgfld.1960))(emphasis added). "Ratification can occur when a spouse confirms or adopts an agreement with knowledge of its contents." *Scharf v. Kogan,* 285 S.W.3d 362, 370 (Mo.App.E.D.2009). It is essential for ratification that the principal have full knowledge of all the material facts at the time she is charged with accepting the transaction as her own. *Murphy v. Jackson Nat. Life Ins. Co.,* 83 S.W.3d 663, 668 (Mo.App.S.D.2002).

Viewing the record in the light most favorable to the Paces as the non-movants, Fannie Mae filed an action for unlawful detainer in the Circuit Court of St. Louis County, and ostensibly obtained a consent judgment against both the husband and the wife before filing the instant action. The Paces were not represented by counsel when they appeared in court regarding the unlawful-detainer action. The wife testified that she and her husband signed the consent judgment because counsel for Fannie Mae told them that they had to do so.[1] The wife confirmed at deposition in the instant case that she had never seen the special warranty deed conveying the property to both her and her husband, that she did not know she owned the property, and that for the last 11 years, she believed her husband alone owned the property. Knowledge comprises an essential element of ratification. *Id.* The wife did not ratify

1. Fannie Mae's counsel for the consent judgment in the unlawful-detainer action is not the same counsel who is of record in this appeal.

a lien on property that, at the time of the claimed ratification, she did not know she owned.

■ We now turn to the main question on appeal. Missouri's constitution requires us to follow the most recent controlling decision of our Supreme Court. *Doe v. Roman Catholic Diocese of St. Louis*, 311 S.W.3d 818, 822 (Mo.App.E.D.2010). Thus, our Supreme Court's holding in *Ethridge v. TierOne Bank*, 226 S.W.3d 127 (Mo. banc 2007), determines the result in this case. As in *Ethridge*, the central question here is whether the deed of trust conveyed a valid lien to the lender and its successors. 226 S.W.3d at 131. To answer this question, we must ascertain the intent of the parties by examining the words of the contract—here the deed of trust—and giving those words their plain, ordinary, and usual meaning. *Id.* We determine the parties' intent based only on the contract unless the contract language is ambiguous. *Id.*

■ A contract is ambiguous and requires a court's interpretation only when its terms are susceptible to fair and honest differences. *Id.* A contract is not ambiguous simply because the parties disagree about its construction. *Id.* An ambiguity exists when duplicity, indistinctness, or uncertainty exists in the meaning of the contract's language. *Id.* Language is ambiguous when it is reasonably open to different constructions. *Id.*

The deed of trust identifies the grantor and defines "borrower" as "Harvey L. Pace, a married man, the assent of whose spouse, Christine Pace is recorded of even date." This is the only definition of "borrower" in the document. The deed of trust does not otherwise mention Christine Pace or indicate that any other person is also a borrower or grantor. Harvey L.

Pace is identified as the only borrower on the signature page, and he is the only party to initial each page and sign the deed of trust. This definition is not open to different constructions, and we cannot reasonably construe it to mean that the wife is also a grantor or borrower under the deed of trust. And, as we shall later consider, the wife's execution of the assent does not change the unambiguous nature of the deed of trust's plain description of the husband as the sole borrower and sole grantor of the property.

■ In Missouri, absent limiting words in the operative clauses of the deed, a conveyance of real property to a husband and wife as co-grantees is presumed to create a tenancy by the entirety. *Bakewell v. Breitenstein*, 396 S.W.3d 406, 412 (Mo.App.W.D.2013). The distinctive characteristic of an estate by the entirety is that it is owned by a single entity, the marital community. *U.S. Bank Nat'l Ass'n v. Cox*, 341 S.W.3d 846, 854–55 (Mo. App.W.D.2011). Each spouse is seised of the whole, or entirety, of the property rather than a share or divisible part. *Id.* at 855. Consequently, neither spouse has any right, title, or interest that he or she may convey, encumber, or devise by his or her sole act. *Id.* Furthermore, "[a]ll deeds or other conveyances of lands, or any estate or interest therein, shall be subscribed by the party granting the same, or by his lawful agent, and shall be acknowledged or proved and certified in the manner herein prescribed." Section 442.130 RSMo. (2000)[2]; *Cox*, 341 S.W.3d at 854.

■ As in *Ethridge*, the Paces hold the property as tenants by the entirety. 226 S.W.3d at 132. In order to validly convey the wife's interest in the property, she must have been named as a grantor, who in this case is also the individual defined as

---

**2.** All statutory references are to RSMo. (2000).

"Borrower" under the deed of trust. "A deed by only one of two tenants by the entirety conveys nothing." *Id.* Because the wife was not named a grantor or borrower of the deed of trust, she did not make any covenants of title and did not otherwise convey an interest in the property. We hold that the deed of trust did not convey a valid lien encumbering the Paces' entire interest in the property.

■■■■■ The wife's signature on the Assent to Execution of Deed does not alter our conclusion under our facts, where the wife is a tenant by the entirety and unaware of this interest in the property at the time of her signature. Here, the assent did not waive the necessity to name the wife as a grantor and borrower in the deed of trust and the necessity of her signature thereon in order to convey a valid lien on the entire property. The essential elements of waiver are 1) the presence of an existing right, benefit or advantage; 2) *knowledge of its existence;* and 3) an intention on the part of the party to relinquish it. *Pasley v. Marshall,* 305 S.W.2d 879, 882 (Mo.App.K.C.D.1957)(emphasis added). Waiver requires an intentional relinquishment or abandonment of a *known right or privilege,* and no one can be bound by waiver unless it was made with full *knowledge* of the rights intended to be waived. *Flipps Nine, Inc. v. Missouri Prop. & Cas. Ins. Guar. Ass'n,* 941 S.W.2d 564, 569 (Mo.App.E.D.1997)(emphases added). Here, the wife did not know she held an ownership interest by the entireties in the property. Therefore, the wife could not have waived a right that she did not know she held by signing the assent.

■■■ Furthermore, the assent states that "[t]his instrument is executed so that

Harvey L. Pace, my spouse, may execute and deliver conveyance of this real estate without my joinder therein or without my express assent to this particular conveyance endorsed herein, as required by Section 474.150 of the laws of 1957." Section 474.150.2 provides:

Any conveyance of real estate made by a married person at any time without the joinder or other written express assent of his spouse, made at any time, duly acknowledged, is deemed to be in fraud of the marital rights of his spouse, if the spouse becomes a surviving spouse, unless the contrary is shown.

But the wife did not merely have a marital interest in her husband's property. Rather, the property was conveyed to "Harvey L. Pace and Christine Pace, husband and wife." Consequently, the wife was seised of the whole, or entirety, of the property rather than a share or divisible part. *Cox,* 341 S.W.3d at 855. A distinction exists between a spouse's ownership interest in property and her marital rights in her spouse's property. *See In re Clark,* 384 B.R. 563, 566 (Bankr.W.D.Mo.2008)(holding that for property to qualify as husband's homestead, he must have present ownership interest in property and occupy it, or have intention to do so, but the facts indicated he had neither; at most, he had inchoate marital interest in wife's property).[3]

Fannie Mae argues that *Ethridge* is distinguishable and wholly inapplicable because the wife in the instant case never intended to hold title to the property while the wife in *Ethridge* did intend to hold title. While the spouses in *Ethridge* owned their property as tenants by the entirety, as the Paces do in this case, we see no indication in the *Ethridge* opinion that Mrs. Ethridge *intended to* so hold the

---

**3.** Nothing in this opinion should be construed to impair the validity of an assent where the spouse is waiving her inchoate marital interest in property.

property. Rather, Mrs. Ethridge stated that her husband made all the financial decisions for the couple. Similarly, the wife here testified that her husband handled everything regarding the property. Subsequently, both here and in *Ethridge*, the lender prepared a deed of trust naming only the husband as grantor and borrower. We find unpersuasive Fannie Mae's argument that *Ethridge* is distinguishable.

Further, in its petition, Fannie Mae sought the alternative remedy of an equitable lien if its action for quiet title failed. Equity allows placement of a lien on the proceeds of the sale of property on which an obligation is owed, when the law fails to provide an adequate remedy, and when justice would suffer without equitable relief. *Id.* at 133. "[G]enerally there must be an express agreement, or conduct or dealings of the parties from which an intention may be implied, that some specific property shall be appropriated as security for a debt or obligation before equity will consider that a lien should be declared on the property." *Id.* at 133–34 (quoting *Wilkinson v. Tarwater*, 393 S.W.2d 538, 542 (Mo.1965)). Thus, the requirements for establishing an equitable lien are: 1) a duty or an obligation owed by one person to another; 2) a *res* to which that obligation attaches that can be identified or described with reasonable certainty; and 3) an express or implied intent that the property serve as security for the payment of the debt or obligation. *Id.* at 134.

The remedy of an equitable lien is not available to Fannie Mae in this case for the same reason that remedy was unavailable to the lender in *Ethridge:* the wife did not owe an obligation to the lender, or consequently to its successor Fannie Mae. It is undisputed that she did not sign the promissory note. Since the wife did not owe an obligation, the first essential element for an equitable lien on the wife's interest in the property is lacking.

Fannie Mae's petition did not expressly seek to reform the deed of trust based on mutual mistake. Rather, it sought to quiet title by having the trial court determine that the deed of trust in its existing form conveyed a valid lien on the entire property. Our Supreme Court's holding in *Ethridge* requires the result reached here. The trial court erred when it determined as a matter of law that the deed of trust naming only the husband, Harvey L. Pace, a married man, and signed only by him, conveyed a valid first-priority lien encumbering the entire property, including the interest held by the wife, Christine Pace, as a tenant by the entirety. We reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

PATRICIA L. COHEN, J., and KURT S. ODENWALD, J., concur.