**FEDERAL NATIONAL MORTGAGE ASSOCIATION, Respondent,**

v.

**Harvey L. PACE and Christine Pace, Appellants.**

**ED 104165**

Missouri Court of Appeals,
Eastern District,
DIVISION FOUR.

Filed: May 16, 2017

Motion for Rehearing and/or Transfer to Supreme Court Denied June 22, 2017

Motion for Transfer to Supreme Court Denied October 5, 2017

Jane C. Hogan, 4940 Sutherland Avenue, St. Louis, MO 63109, for appellants.

Eric D. Martin, Hilary H. Sommer, Ambika Behal, 211 North Broadway, Suite 3600, St. Louis, MO 63102, 4740 Oak Street, Kansas City, MO 64112, for respondent.

Gary M. Gaertner, Jr., Judge

Introduction

This case is here for the second time on appeal. In the first appeal, this Court reversed a prior summary judgment in favor of Respondent Federal National Mortgage Association (Fannie Mae), which had quieted title to certain property in Fannie Mae's name. Fed. Nat'l Mortgage Assoc. v. Pace, 415 S.W.3d 697 (Mo. App. E.D. 2013) (Pace I). This Court concluded that the deed of trust at issue failed to convey the property and remanded to the trial court. Id. Upon remand, the trial court reformed the deed of trust and granted summary judgment in favor of Fannie Mae, again quieting title to the property at issue in Fannie Mae's name. The trial court also entered judgment against Appellants Harvey Pace[1] (Husband) and Christine Pace (Wife) (collectively, the Paces) on Appellants' counterclaims. The Paces now appeal, arguing that reformation of the deed

---

1. Harvey Pace is deceased as of the time of this appeal, and Christine Pace has been substituted as representative of his estate. We continue to refer to Appellants as "the Paces" for the sake of clarity.

of trust was improper and genuine issues of material fact precluded summary judgment. Bound by Missouri Supreme Court precedent, we must reverse.

## Background

On June 28, 2002, the Paces attended a closing for the purchase of property located in Olivette, Missouri (the Property). Prior to closing, on June 20, 2002, the Property's seller, who lived out of state, executed a special warranty deed conveying the Property to "Harvey L. Pace and Christine Pace, husband and wife," and mailed the deed to Missouri for the closing. Husband executed a promissory note for $197,000 to purchase the property, secured by a deed of trust to First Horizon Home Loan Corporation (First Horizon). The promissory note identified only Husband as borrower, and Wife did not sign the promissory note or deed of trust.

At the closing on June 28, 2002, Wife signed a document entitled "Assent to Execution of Deed," which stated that Wife "expressly assent[ed] to the conveyance of real estate by [Husband], and ... any such conveyances are not to be deemed to be in fraud of [Wife's] marital rights." The deed of trust incorporates the marital assent by reference. After the closing, the special warranty deed, deed of trust, and marital assent were contemporaneously recorded on July 10, 2002.

Fannie Mae purchased the Property at a foreclosure sale on September 2, 2010. Fannie Mae then filed an action to quiet title to the Property in favor of Fannie Mae, which was the underlying action in Pace I. The trial court had found that the deed of trust constituted a valid first-priority lien on the Property and quieted title in favor of Fannie Mae. This Court reversed, finding that the deed of trust, executed only by Husband, did not validly encumber the Property because the special warranty deed conveyed the Property to both Husband and Wife. Pace I, 415 S.W.3d at 703-04. This Court noted that while Fannie Mae had alleged a mutual mistake in preparation of the closing documents, Fannie Mae had not sought to reform the deed of trust based on mutual mistake. Id. at 705.

Upon remand, Fannie Mae amended its petition to include a count requesting reformation of the deed of trust. The trial court found that the Paces intended that Husband would be the sole owner of the Property, but at the time of the closing they were not aware that the special warranty deed conveyed the Property to both Husband and Wife. The trial court found that the Paces intended that the deed of trust would encumber the Property, and that due to a mutual mistake that the special warranty deed conveyed the Property solely to Husband, First Horizon erroneously drafted the deed of trust in Husband's name only. The trial court granted summary judgment in favor of Fannie Mae, reforming the deed of trust to include Wife's name, and quieting title to the Property in Fannie Mae's name. Additionally, the Paces had filed several counterclaims, including quiet title, breach of warranty, ejectment, wrongful foreclosure, and conversion. The trial court entered judgment against the Paces on each of their counterclaims. This appeal follows.

## Standard of Review

Our review of summary judgment is essentially de novo. ITT Commercial Fin. Corp. v. Mid-Am. Supply Corp., 854 S.W.2d 371, 376 (Mo. banc 1993). We review the record in the light most favorable to the party against whom summary judgment was entered, according the non-movant the benefit of all reasonable inferences from the record. Id. A movant must show that there is no genuine dispute as to any material fact, and that he or she is entitled

to judgment as a matter of law. Rule 74.04(c); ITT Commercial Fin. Co., 854 S.W.2d at 380. A genuine dispute "exists where the record contains competent materials that evidence two plausible, but contradictory, accounts of the essential facts." Id. at 382.

## Discussion

The Paces raise four points on appeal. First, they argue that the trial court erred in quieting title in Fannie Mae's name because Fannie Mae's petition failed to adequately plead its count to quiet title. In Point II, the Paces argue that the trial court erred in reforming the deed of trust as a matter of law because Fannie Mae failed to establish the elements required for reformation. In Point III, the Paces argue that genuine issues of material fact regarding the intent of the parties at closing precluded summary judgment. In their final point, the Paces argue that the trial court erred in entering judgment against them on their counterclaims because they were not rendered moot by the summary judgment in favor of Fannie Mae. Point II is dispositive.

## Point II

■ The Paces argue that the trial court erred in reforming the deed of trust because Fannie Mae failed to establish the necessary elements to warrant reformation. Based on applicable Missouri Supreme Court precedent, we must reverse.

As was Pace I, this case is controlled by the Missouri Supreme Court's decision in Ethridge v. TierOne Bank, 226 S.W.3d 127 (Mo. banc 2007). There, the Missouri Supreme Court considered a factual situation almost identical to the current case, except that there, the husband attempted to refinance the loan on property owned by him and his wife. The deed of trust securing the loan listed only the husband as borrow-

er, though the wife also signed the deed of trust below the signature line containing the husband's signature. Id. at 130. After the husband's death, the wife made no payments on the loan, and she sought a cancelation of the deed of trust due to the fact that she was not listed as a grantor. Id. The Missouri Supreme Court concluded both that the deed of trust had failed to create a lien in favor of the lender because the husband and wife held the property as tenants in the entirety and the deed of trust listed only the husband as grantor, and that the deed of trust could not be reformed. Id. at 131-33. This Court in Pace I applied the first holding and found that the deed of trust here failed to create a lien on the Property. Pace I, 415 S.W.3d at 703-04. We must now consider whether the Ethridge Court's holding that reformation was improper also applies to the deed of trust here. We reluctantly conclude that it does.

■ "For reformation to apply there must be 'clear, cogent and convincing evidence' of (1) a preexisting agreement between the lender and [the husband and wife] in which the parties agreed that a lien would be placed on the property, (2) a scrivener's mistake in drafting the agreement, and (3) that the mistake was mutual as between the grantors and the grantees." Ethridge, 226 S.W.3d at 132 (quoting Ethridge v. Perryman, 363 S.W.2d 696, 698 (Mo. 1963)). The Missouri Supreme Court found that reformation was an improper remedy there because there was no evidence that the wife had a preexisting agreement with the lender to grant a deed of trust, but rather the agreement was always between the husband and the lender. Ethridge, 226 S.W.3d at 132-33. Additionally, the court found that the deed of trust reflected the agreement between the husband and the lender, rather than containing an error in drafting. Id. at 133.

Thus, the doctrine of reformation could not be applied there. Id.

The same is true here. There is no evidence that First Horizon had any agreement with Wife for her to encumber the Property with a lien; in fact, Wife maintained that she did not know at the time of closing that she owned the Property. There was evidence that Wife was told she was not required to attend the closing. The agreement was between First Horizon and Husband, and the documents were drafted in accordance with the agreement and signed by Husband. Wife was not a party to the agreement, and the only document she signed was the marital assent, which confirms the parties' intent that this transaction took place solely between Husband and the lender. Under the plain reading of Ethridge, reformation is not appropriate here. Id. at 133. The result required here by Ethridge may be inequitable, but we are bound by Missouri Supreme Court precedent, even if we disagree with the result.[2] Thus, we must reverse the trial court's judgment reforming the deed of trust.

### Conclusion

Under Ethridge, we conclude the trial court erred in reforming the deed of trust because the record failed to establish the elements required for reformation. We find the trial court's summary judgment in favor of Fannie Mae, quieting title to the Property in Fannie Mae's name, was based on the deed of trust as reformed, and therefore was improper. We additionally find the trial court's judgment regarding the Paces' counterclaims was based on its judgment quieting title in Fannie Mae's name.

Thus, we reverse and remand the trial court's judgment in its entirety.

James M. Dowd, P. J., concurs.

Kurt S. Odenwald, J., concurs.

---

**2.** Fannie Mae's argument that the intent of the Paces to encumber the Property, rather than the intent of First Horizon and Harvey Pace to have only his name on the deed of trust, should be the basis for reformation here is persuasive. However, it is strikingly similar to the dissent's view in Ethridge. 226 S.W.3d at 136-37 (Limbaugh, Jr., J., dissenting) (noting wife's intent to convey her interest by her signature on deed of trust, despite fact that deed of trust failed to list her as borrower). Thus, it cannot be dispositive here.