In the Missouri Court of Appeals
 Eastern District
 DIVISION THREE

 )
ELIZABETH SMITH, ) No. ED109423
 )
 Appellant, ) Appeal from the Circuit Court
 ) of the City of St. Louis
vs. ) Case No. 1922-CC11551
 )
CITY OF ST. LOUIS, ) Honorable Joan L. Moriarty
 )
 Respondent. ) Filed: September 14, 2021

 Elizabeth Smith appeals the judgment entered by the Circuit Court of the City of St.

Louis affirming the decision of the St. Louis City Civil Service Commission to suspend her from

her employment for 15 days. Because the Commission failed to adhere to the procedural

safeguards contained in its written submission process, thus violating Smith’s due process rights,

we reverse the Commission’s decision.

 Factual and Procedural Background

 The City employed Smith as a paramedic in the St. Louis Fire Department. In July 2018,

Smith submitted Family/Medical Leave forms to the City’s Fire Division Medical Officer. Upon

seeking clarification about the content of Smith’s forms, the Medical Officer discovered that the

doctor who purportedly signed the forms on July 30, 2018 had left his local medical practice and

had not worked in Missouri for five months.
 The St. Louis Fire Department Disciplinary Review Board conducted a pre-disciplinary

review for Smith. During the review, Fire Chief Dennis Jenkerson advised Smith of the charges

against her, gave her an explanation of the evidence, and gave her an opportunity to present any

disputed facts or mitigating circumstances. Smith maintained that the physician’s signature on

her medical leave forms resulted from a clerical error in the physician’s office, and that she did

not notice the error before submitting the forms. The Disciplinary Review Board found that

Smith’s actions violated the Division of Fire and Fire Prevention rules and regulations that: (1)

prohibit the making of untruthful and inaccurate reports and the making of misleading statements

with intent to deceive; (2) require prescribed forms be completely and accurately filled out; and

(3) prohibit the filing of false reports. The Disciplinary Review Board suspended Smith for 96

hours. The City’s Personnel Department informed the Disciplinary Review Board that Smith’s

suspension must be expressed in terms of calendar days, not hours, and that the hearing must be

conducted again. Therefore, Chief Jenkerson held the hearing again, reviewed the same

information, and imposed a suspension of 15 calendar days encompassing eight 12-hour shifts

within those 15 days.

 Smith appealed to the City’s Civil Service Commission. The Commission sent Smith a

letter dated December 11, 2018 describing the appeal process, which stated in pertinent part:

 If you wish to proceed with your appeal before the Civil Service Commission,
 please indicate with a check mark in one of the boxes below which type of hearing you
 are requesting and return the form within ten (10) calendar days to the Civil Service
 Commission if you wish to proceed with your appeal.
 The Civil Service Commission recommends and encourages the use of the written
 submission process. It believes it is an efficient and effective method to get issues before
 the Commission.
 Failure to respond, marking more than one box or failing to mark any box shall
 result in you waiving your right to an evidentiary hearing before a hearing officer and
 your appeal will be handled through the written submission process.

 2
(Italicized emphases added). At the bottom of the letter were three boxes identifying the options

available to Smith, and the letter instructed her to choose one: (1) written submission; (2)

evidentiary hearing before a hearing officer; or (3) declining to proceed with the appeal. Smith

marked the box for the written submission option, and signed, dated, and printed her address on

the form. Nowhere did the letter state that Smith waived her due process rights if she chose the

recommended written submission process “type of hearing.”

 Following Smith’s election to proceed via the written submission process, the

Commission sent Smith a copy of this process on February 1, 2019. Section III.a. of the

Commission’s written submission process states in pertinent part that:

 The Appointing Authority will be required to file the initial submission in connection
 with an appeal. Said submission shall be filed within twenty-one (21) calendar days of
 [the] date of the Notice of Institution of Case received from the Civil Service
 Commission. The Appointing Authority’s submission should include the following:
 1. A notarized statement from the Appointing Authority or his/her designee
 setting forth the specific reasons for the action which is the subject matter of
 the appeal.
 2. Copies of any pertinent department/division work rules, standards of
 performance or regulations pertinent to the disciplinary action . . . including
 rules, standards or regulations allegedly violated by the appellant.
 3. Notarized statements from witness and/or individuals (including but not
 limited to supervisors) with personal knowledge of the basis for the
 disciplinary action . . . being appealed.

(Emphasis added). Chief Jenkerson filed the initial submission statement in support of the 15-day

suspension; however, the statement was not notarized. While Chief Jenkerson included internal

emails, request for discipline forms, and memoranda from the paramedic supervisor, EMS

deputy chief, and medical officer to support his submission, he provided no sworn statements

from these or other witnesses. Smith submitted her notarized response under Section III.b. of the

 3
written submission process, 1 raising the issue that Chief Jenkerson’s statement was not notarized.

Chief Jenkerson then filed his rebuttal, which was not notarized, and finally, Smith filed her

reply, again pointing out that the appointing authority’s statements were not notarized.

 The Commission found Smith was suspended from her job for good and just cause, and

upheld the 15-day suspension. Smith then filed a petition for judicial review in the Circuit Court

of the City of St. Louis. The circuit court found that “[w]hile not notarized, Chief Jenkerson’s

statement was supported by ample evidence.” The court concluded, inter alia, that the

Commission’s decision was supported by competent and substantial evidence upon the whole

record, and was not made upon unlawful procedure or without a fair trial. The court affirmed the

Commission’s decision suspending Smith for 15 days. Smith appeals.

 Standard of Review

 We review the decision of the Civil Service Commission rather than the circuit court’s

decision. Section 536.140.2 RSMo. (2016); 2 Stone v. Mo. Dep’t of Health and Senior Services,

350 S.W.3d 14, 19 (Mo. banc 2011). The Commission is an “agency” for purposes of the

Missouri Administrative Procedure Act (“MAPA”), and so is required to follow the MAPA’s

procedure. Sections 536.010–536.150; Sapp v. City of St. Louis, 320 S.W.3d 159, 164 (Mo. App.

1
 Section III.b. states in pertinent part:
 A complete copy of the Appointing Authority’s submission will be forwarded to the Appellant. The
 Appellant shall respond to the Appointing Authority’s submission within twenty-one (21) calendar days.
 The Appellant’s submission should include the following:
 1. A notarized statement from the Appellant setting forth the specific reasons for appealing the
 decision.
 2. Copies of any pertinent department/division work rules, standards of performance or
 regulations pertinent to the disciplinary action . . . including rules, standards or regulations.
 3. Notarized statements from witness and/or individuals (including but not limited to
 supervisors) with personal knowledge of the basis for the disciplinary action . . . being
 appealed.
2
 All statutory references are to RSMo. (2016).

 4
E.D. 2010). We review whether the agency action: (1) is in violation of constitutional provisions;

(2) is in excess of the statutory authority or jurisdiction of the agency; (3) is unsupported by

competent and substantial evidence upon the whole record; (4) is, for any other reason,

unauthorized by law; (5) is made upon unlawful procedure or without a fair trial; (6) is arbitrary,

capricious or unreasonable; or (7) involves an abuse of discretion. Section 536.140.2; Stone, 350

S.W.3d at 19-20.

 Discussion

 Smith claims the circuit court erred in affirming the Commission’s decision to suspend

her for 15 days from her job as a paramedic with the City’s Division of Fire and Fire Prevention.

Smith contends that the Commission’s decision was made upon an unlawful procedure and

without a fair trial, and is unsupported by competent and substantial evidence. Specifically,

Smith complains that Chief Jenkerson failed to provide any verified evidence as required under

the Commission’s written submission process.

 Smith argues that if a notarized statement from the appointing authority is required under

the written submission process, then we must reverse her 15-day suspension because Chief

Jenkerson failed to provide the required notarized statement. On the other hand, she argues, if the

written submission process does not require a notarized statement, then the process itself is

generally defective under Missouri statute and case law, and Smith’s suspension must be

reversed.

 Smith’s proceeding before the Commission is a contested case. The MAPA defines a

“contested case” as “a proceeding before an agency in which legal rights, duties or privileges of

specific parties are required by law to be determined after hearing.” Section 536.010(4) RSMo.;

450 N. Lindbergh Legal Fund, LLC v. City of Creve Coeur, 477 S.W.3d 49, 52 (Mo. App. E.D.

 5
2015). “Contested cases provide the parties an opportunity for a formal hearing with the

presentation of evidence, including sworn testimony and cross-examination of witnesses, and

contested cases require written findings of fact and conclusions of law.” Id. The administrative

body does not have the discretion to determine whether a proceeding is a contested or non-

contested case. Sapp, 320 S.W.3d at 162. Rather, the determination is made as a matter of law.

Id. “The term ‘hearing,’ as used in section 536.010(4), means a proceeding at which a ‘measure

of procedural formality’ is followed.” Id. at 163.

 Where the State grants an employee a right or expectation that adverse action will not be

taken against the employee except upon the occurrence of specified behavior, the determination

of whether such behavior occurred becomes critical, and the minimum requirements of

procedural due process appropriate for the circumstances must be observed. Id. Suspension for

cause, like termination of employment, implicates constitutionally-protected property interests.

Id. at 164. Because Smith’s suspension involved a constitutionally-protected property interest,

she was entitled to have her case adjudicated as a contested case. Id. Consequently, the

Commission was obligated to provide Smith with a hearing—a proceeding at which a measure of

procedural formality is followed—to protect her right to due process, and Smith had a right to

challenge her suspension via a hearing with heightened procedural safeguards because her

procedural due process rights were implicated. Id.

 Smith’s right to a measure of procedural formality and heightened procedural safeguards

are essential to our analysis in this case. Smith waived a formal evidentiary hearing before a

hearing officer, and opted to use the Commission’s written submission process, which the

Commission “recommends and encourages,” characterizing it as a “type of hearing.” The City

acknowledged at oral argument that the Commission did not inform Smith it would consider her

 6
to have waived all procedural safeguards and her due process rights by choosing the written

submission process. The City argued the lack of disclosure in this regard is of no consequence

because the information is available online. We disagree. Neither the Civil Service

Commission’s Rule XIII, governing appeals, hearings, investigations, and reviews, nor its

written submission process indicates that an employee who chooses the written submission

process waives the procedural safeguards imposed by due process. “Waiver requires an

intentional relinquishment or abandonment of a known right or privilege, and no one can be

bound by waiver unless it was made with full knowledge of the rights intended to be waived.”

Fed. Nat’l Mortgage Ass’n v. Pace, 415 S.W.3d 697, 704 (Mo. App. E.D. 2013)(emphases in

original).

 Despite her waiver of a formal evidentiary hearing before a hearing officer, Smith was

entitled to the procedural safeguards provided by the written submission process. These

safeguards include the provisions stating that the appointing authority “should” provide “[a]

notarized statement from the Appointing Authority or his/her designee setting forth the specific

reasons for the action which is the subject matter of the appeal.” Civil Service Commission

Written Submission Process, effective May 17, 2012, Section III.a.1. Further, “the Appointing

Authority’s submission “should” include copies of pertinent rules, standards, or regulations,

including those allegedly violated by the employee, as well as notarized statements from

individuals with personal knowledge of the basis of the disciplinary action. Id. at Sections III.a.2

- 3. Here, no sworn statements from the paramedic supervisor, EMS deputy chief, medical

officer, or other witnesses were provided. Other safeguards included in the written submission

process, but not at issue in this appeal, are a specific order and timing for submission of

information by each party (section III); the right to request issuance of subpoenas (section III.e.);

 7
strictly enforced time frames for submissions (section III.f.); and the right for a party to rebut

additional information requested by the Commission (section IV).

 Our Court has previously addressed the Commission’s written submission process. In

Sapp v. City of St. Louis, a City employee was suspended for four days. 320 S.W.3d at 161. This

Court determined “Sapp had a right to a hearing with heightened procedural safeguards to

challenge his suspension because his procedural due process rights were implicated.” Id. at 164.

The Commission, however, had not offered Sapp any opportunity for such a hearing, instead

informing him that review of his suspension would be based on the Commission’s written

submission process. 3 Id. at 165. We concluded that Sapp’s right to due process was violated

because he received no opportunity for a contested case hearing. Id.

 Here, unlike in Sapp, the Commission offered Smith the opportunity for an evidentiary

hearing before a hearing officer, and she affirmatively chose to use the written submission

process instead, which the Commission “recommends and encourages,” characterizing it as a

“type of hearing.” The Commission includes certain procedural safeguards in its written

submission process to fulfill the requirements for contested cases that otherwise would be

provided under Chapter 536 and to provide due process to those with a constitutionally-protected

property interest in their employment. These safeguards include provisions that statements from

the appointing authority and witnesses should be notarized, the appointing authority should set

forth the specific reasons for the disciplinary action, and copies of pertinent rules, standards, and

regulations should be attached, including those that the employee allegedly violated. The

Commission cannot simply decide those safeguards are optional and dispense with them when an

3
 Following this Court’s Sapp decision, the Commission revised its written submission process.
 8
employee’s due process rights are implicated.

 The written submission process states in relevant part:

 The Appointing Authority will be required to file the initial submission in connection
 with an appeal. Said submission shall be filed within twenty-one (21) calendar days of
 [the] date of the Notice of Institution of Case received from the Civil Service
 Commission. The Appointing Authority’s submission should include the following:
 1. A notarized statement from the Appointing Authority or his/her designee
 setting forth the specific reasons for the action which is the subject matter of
 the appeal.
 2. Copies of any pertinent department/division work rules, standards of
 performance or regulations pertinent to the disciplinary action . . . including
 rules, standards or regulations allegedly violated by the appellant.
 3. Notarized statements from witness and/or individuals (including but not
 limited to supervisors) with personal knowledge of the basis for the
 disciplinary action . . . being appealed.

Section III.a. (Emphases added). The City relies on caselaw about the permissive and mandatory

nature of the words “may” and “shall,” respectively, to argue the word “should” merely suggests

rather than requires notarized statements. However, the nature of the words “may” and “shall”

are not at issue in this case. The nature of the word “should” is at issue, and as used here, we

disagree with the City’s interpretation. “Should” is the past tense of “shall.” Merriam-Webster

Online Dictionary, https://www.merriam-webster.com/dictionary/should?utm_campaign=

sd&utm_medium =serp&utm_source=jsonld (last visited Sept. 7, 2021). It is also “used in

auxiliary function to express obligation, propriety, or expediency” and “to express what is

probable or expected.” Id. Thus, “should” might be used to express either a mandate or to

express a suggestion or expectation.

 Similarly, Missouri courts have found the word “should” to convey either an

obligation or a suggestion, depending on a logical reading of the whole text in which “should”

is used. See, e.g., Weinstock v. Holden, 995 S.W.2d 408, 409-10 (Mo. banc 1999)(“Our

predecessors thought it sufficient to use the word ‘should,’ leaving to the sound judgment of

 9
those who followed to determine whether [a judge’s] recusal was required in a particular case.”);

Bd. of Educ., Mt. Vernon Schools v. Shank, 542 S.W.2d 779, 782 (Mo. banc 1976)(“When

considered as a whole we think the regulation [regarding corporal punishment procedure] must

be said to be mandatory.”); Piercy v. Missouri State Highway Patrol, 583 S.W.3d 132, 141 (Mo.

App. W.D. 2019)(“While ‘should’ is the past tense of [‘]shall[’], in this context it is proper to

interpret it as an expectation rather than an imperative.”); Burgess v. Ferguson Reorganized Sch.

Dist., R-2, 820 S.W.2d 651, 655 (Mo. App. E.D. 1991)(logical reading of school board policy

about leaving students unattended leads to conclusion that use of “should” does not negate

mandatory nature of policy); Westbrook v. Bd. of Educ. of the City of St. Louis, 724 S.W.2d 698,

701-02 (Mo. App. E.D. 1987)(concluding that where regulation stated teachers “should use

reasonable care to look out for the safety of students during a trip,” logical reading leads to

inference that Board was informing teachers they were required to take reasonable care for

safety of students and not simply that Board wanted teachers to take reasonable care or preferred

they do so).

 We conclude that a logical reading of the Commission’s entire written submission

process, particularly section III, which sets forth the procedure in detail, requires the appointing

authority’s statement be notarized. Even if “should” as used here were interpreted to mean that

submission of a statement by the appointing authority is suggested, not required, when the

appointing authority submits a statement, the statement must be notarized or otherwise verified.

Adherence to due process is mandatory, not merely optional or suggested, when an employee’s

constitutionally-protected property interest in his or her job is implicated. In addition, if we were

to determine that “should” in the context of section III.a. is merely a suggestion, then the

Commission’s written submission process would merely suggest that the appointing authority set

 10
forth specific reasons for the employee’s discipline. Likewise, the written submission process

would merely suggest that the appointing authority attach the relevant work rules, standards, or

regulations to its statement, including those allegedly violated by the employee. Such an

interpretation cannot prevail.

 Our Court has already determined that an employee must be informed of the specific

reasons for disciplinary proceedings. We have rejected the City’s disciplinary action taken

against an employee without providing notice of the specific reasons for the action. Schwartz v.

City of St. Louis, 274 S.W.3d 509, 511 (Mo. App. E.D. 2008). In Schwartz, the City notified

Schwartz that disciplinary proceedings were initiated against him because he “acted in an

inappropriate and abusive manner toward [his] subordinate in violation of division work rules.”

Id. We concluded the City’s notice lacked the necessary specificity to permit Schwartz to present

a meaningful defense, and so the Commission’s decision was made upon unlawful procedure and

without a fair hearing. Id. Stated somewhat differently, this Court held that due process requires

notice to the employee of the specific reasons for the disciplinary procedure. Thus, our Court has

already held that providing the employee with the specific reasons for disciplinary action is not

merely a suggestion as the City argues.

 We also find statutory support for our conclusion. We recognize section 536.063(3)

provides that formality of the contested case procedure may be waived by mutual consent of the

parties. Here, Smith objected at the first opportunity that Chief Jenkerson’s statement was not

notarized, so it cannot be said there was mutual consent to the use of unsworn statements against

Smith. Further, as discussed earlier, Smith did not waive the procedural safeguards meant to

protect her due process rights because waiver requires the intentional relinquishment or

abandonment of a known right, which was lacking here. Pace, 415 S.W.3d at 704. In addition,

 11
section 536.070(1) provides that in any contested case, oral evidence shall be taken only on oath

or affirmation. Section 536.070(12) allows the introduction of affidavits into evidence, and

corresponding objection to their use. “An affidavit is a written declaration on oath sworn to by a

person before someone authorized to administer such oath.” Schmidt v. Dir. of Revenue, 611

S.W.3d 542, 551 n.5 (Mo. App. E.D. 2020). Nowhere does section 536.070 allow the admission

of unsworn statements or testimony against a party. The proposition that an employee could lose

a constitutionally-protected interest in employment on a record devoid of any verified evidence

whatsoever is the antithesis of lawful procedure and the heightened procedural safeguards

required in a contested case.

 We also observe that the written submission process requires the employee’s statement

and those of any witnesses to be notarized. Commission Rule XIII, section 5 recognizes

procedural safeguards in the course of any hearing, investigation, or fitness test, and gives

authority to the director of personnel or the director’s representative to administer oaths. Rule

XIII, section 6 deals with false statements made under oath, and provides penalties for these

statements. Read as a whole and in context, “should” in section III of the written submission

process is mandatory as it supplies the agency with competent and substantial evidence upon

which to rely.

 The City further argues that even if the written submission process requires a notarized

statement from the appointing authority, nevertheless there is no reversible error because

substantial and competent evidence supported the Commission’s decision. The City cites Null v.

New Haven Care Center, Inc., 425 S.W.3d 172 (Mo. App. E.D. 2014), 4 and Lagud v. Kansas

4
 Null is a worker’s compensation case, subject to a different standard of review than Smith’s case.

 12
City, Mo. Bd. of Police Comm’rs, 272 S.W.3d 285 (Mo. App. W.D. 2008), 5 to support its

contention. However, neither Null nor Lagud stands for the proposition that an agency decision

made upon unlawful procedure or without a fair trial should be upheld if supported by sufficient

competent and substantial evidence.

 The City also argues Smith suffered no prejudice—even if procedural safeguards were

not followed—because she had an adequate opportunity to be heard, but she elected the written

submission process instead of proceeding with an evidentiary hearing under the MAPA. This

argument is merely another iteration of the City’s waiver argument that we have already

addressed and rejected.

 This is a contested case, subject to a measure of procedural formality. Sapp, 320 S.W.3d

at 163. The MAPA defines a “contested case” as “a proceeding before an agency in which legal

rights, duties or privileges of specific parties are required by law to be determined after hearing.”

Section 536.010(4). “The term ‘hearing,’ as used in section 536.010(4), means a proceeding at

which a ‘measure of procedural formality’ is followed.” Sapp, 320 S.W.3d at 163. The written

submission process must—and does—contain heightened procedural safeguards that must be

followed. Here, however, the Commission failed to adhere to the procedural safeguards

contained in its written submission process when it affirmed Smith’s suspension. Because the

appointing authority’s statement setting forth the specific reasons for Smith’s suspension was not

notarized in accordance with the Commission’s written submission process, Smith’s due process

rights were violated.

5
 Lagud involved an evidentiary hearing, and did not address procedural safeguards. Rather, the issue in Lagud was
whether there was competent and substantial evidence to support the decision when two versions of events were
presented through sworn testimony at the hearing. 272 S.W.3d at 288-89.

 13
 Conclusion

 We conclude the Commission’s decision was made upon unlawful procedure and without

a fair hearing in violation of section 536.140.2(5). We reverse the circuit court’s judgment, and

remand with directions to order the Commission to remove Smith’s suspension from her record

and determine the amount of back pay Smith lost, together with pre-judgment interest as

provided by law. 6

 ________________________________
 Angela T. Quigless, J.

Philip M. Hess, P.J. and Colleen Dolan, J., concur.

6
 We need not address whether competent and substantial evidence supports the Commission’s decision because the
evidence was not notarized or verified. A simple notarization could have led to a different result on appeal.

 14