**AMERCO MARKETING COMPANY OF ST. LOUIS, Appellant,**

v.

**Richard J. GANTNEY, Respondent.**

No. 49283.

Missouri Court of Appeals, Eastern District, Division Six.

Dec. 17, 1985.

John Malec, St. Louis, for appellant.

John C. Maxwell, St. Charles, for respondent.

CLEMENS, Senior Judge.

Plaintiff-corporation appeals the circuit court's dismissal of its petition for want of prosecution. Plaintiff contends this was done without notice to it. The defendant responds here that the circuit court did give plaintiff notice of the pending dismissal and plaintiff took no steps to remove its case from the dismissal docket.

The issue here is whether plaintiff was or was not notified of the pending dismissal.

The circuit court's unchallenged Rule 8.1(a) declares that in cases where there has been no activity for twelve months the court's clerk shall prepare a dismissal docket to be mailed to all attorneys of record; that unless a motion to remove the case from the dismissal docket is filed before a designated date the case will be dismissed for failure to prosecute.

The record here shows that before the now challenged dismissal order the plaintiff had taken no action in the case between October 29, 1982 and June 29, 1984. The record shows the trial court's clerk had duly mailed notice of the proposed dismissal to plaintiff's counsel at the unchanged address its counsel gave the clerk at the time of filing petition.

Plaintiff's evidence on its challenge to the dismissal is based on testimony of its counsel. He testified plaintiff had moved its office from the originally shown address. He quoted a secretary's statement that she had mailed the change of address to the trial court's clerk.

Upon submission of plaintiff's motion to reinstate the trial court denied it and ruled plaintiff had failed to meet its burden of showing the court clerk had been informed of its change of address.

Here plaintiff cites cases holding it is error to dismiss a case *without* notice. As ruled above the trial court *did* give plaintiff notice at its address of record, and found that plaintiff never gave a change of address to the court.

In contrast to plaintiff's contention are two cases. *Snyder v. Christie*, 272 S.W.2d 27[2–3] (Mo.App.1954) held where a party negligently, as here, fails to prosecute he may not have dismissal set aside. Similarly in *Citizens Bank of University City v. Gehl*, 567 S.W.2d 423[1–3] (Mo.App.1978) we ruled where a party negligently fails to prosecute he has no ground to claim a judgment should be set aside.

Affirmed.

STEPHAN, C.J., and SIMON, P.J., concur.