**STATE BOARD OF REGISTRATION FOR the HEALING ARTS, Relator,**

v.

**Honorable Judy P. DRAPER, Associate Circuit Judge, 21st Judicial Circuit, St. Louis County, Missouri, Respondent.**

No. ED 92408.

Missouri Court of Appeals,
Eastern District,
Writ Division One.

Feb. 24, 2009.

Chris Koster, Attorney General, Thais Ann Folta, Assistant Attorney General, Jefferson City, MO, for Relator.

Dennis K. Hoffert, Law Office of Dennis K. Hoffert, St. Louis, MO, for Respondent.

KURT S. ODENWALD, Presiding Judge.

## Introduction

The State Board of Registration for the Healing Arts (Relator) filed a Petition for Writ of Prohibition with this Court, seeking to prohibit the Honorable Judy P. Draper (Respondent) from taking any further action in the underlying case of *Mark R. Rosenberg, M.D. v. State Board of Registration for the Healing Arts*, filed in the Circuit Court of St. Louis County, Missouri, Cause Number 08SL–CC03657. Relator contends that the trial court lacks jurisdiction to act on the Petition for Judicial Review (Petition) filed by Mark R. Rosenberg, M.D. (Petitioner), because Petitioner failed to timely file the Petition within the statutory time limit. We previously issued a Preliminary Order in Prohibition. Because the trial court lacked the authority to take any action other than to dismiss the Petition, the Preliminary Order in Prohibition is made absolute.

## Procedural Background

Petitioner is licensed by Relator to practice as a physician in Missouri. In May 2006, Relator filed a complaint with the Administrative Hearing Commission (the Commission) seeking a determination by the Commission that cause existed for Relator to take disciplinary action against Petitioner's Missouri medical license. The Commission found Relator had cause to bring a disciplinary action against Petitioner, and a disciplinary hearing was held before Relator on July 18, 2008.

On July 28, 2008, Relator issued and mailed to Petitioner's attorney its final Findings of Fact, Conclusions of Law and Disciplinary Order of Public Remand (Disciplinary Order) in the matter of *Missouri Board of Registration for the Healing Arts v. Mark Rosenberg, M.D.*, AHC Case Number 06–0759 HA, Board Case Number 2004–005135. Petitioner received the Disciplinary Order on July 29, 2008. On August 28, 2008, Petitioner filed his Petition seeking judicial review of the Disciplinary Order. Relator filed a Motion to Dismiss, which Respondent heard and denied on October 28, 2008.

After reviewing Relator's Petition for Writ of Prohibition and Suggestions in Support, as well as Respondent's Answer and Suggestions in Opposition, and all exhibits provided, this Court issued a Preliminary Order in Prohibition. Pursuant to Rule 84.24, this Court being fully informed has dispensed with the requirement of full briefing and oral argument in this matter.

## Standard of Review

Our power to issue remedial writs derives from Article V, Section 4.1 of the Missouri Constitution. *State ex rel. Dir. of Revenue v. Kinker*, 209 S.W.3d 1, 2 (Mo. App. E.D.2006) *citing State ex rel. Dir. of Revenue v. Mobley*, 49 S.W.3d 178, 179 (Mo. banc 2001). "Prohibition is an independent proceeding to correct or prevent judicial proceedings that lack jurisdiction." *State ex rel. Ford Motor Co. v. Nixon*, 219 S.W.3d 846, 849 (Mo.App. W.D.2007). We have issued writs of prohibition in situations that generally fall within one of three categories: 1) where there is an usurpation of judicial power because the trial court lacks personal or subject matter ju-

risdiction; 2) where there exists a clear excess of jurisdiction or an abuse of discretion such that the lower court lacks the power to act as contemplated; or 3) where there is no adequate remedy by appeal. *Id.* This case falls into the second category.

### Discussion

Section 536.110, RSMo 2000[1] sets forth the process and time limits for filing petitions for review of administrative decisions. This section states, in relevant part:

> Proceedings for review may be instituted by filing a petition in the circuit court of the county of proper venue within thirty days after the mailing or delivery of the notice of the agency's final decision.

■ It is well established, that under Section 536.110, "[p]etitions for review must be filed within thirty (30) days of *mailing of notice*." *State ex. Rel. Dir. of Revenue v. Rauch,* 971 S.W.2d 350, 353 (Mo.App. E.D.1998); *Ramey v. Dir. of Revenue,* 865 S.W.2d 442, 443 (Mo.App. E.D.1993). When a petition for review is filed out of time, the circuit court has no jurisdiction to hear the petition. *Rauch,* 971 S.W.2d at 353. When the circuit court lacks subject matter jurisdiction, the court may not take any action other than to exercise its inherent power to dismiss.[2] *Id.*

■ Here, the Petition was not timely filed. There is no dispute that the Commission's Disciplinary Order was mailed by Relator on July 28, 2008, and that Petitioner filed the Petition on August 28, 2008.

Similarly, there is no dispute that the Petition was filed thirty-one days after the Disciplinary Order was mailed. Section 536.110 does not provide for any exception to the thirty-day requirement for filing a petition for review. Because the Petition was filed out of time, Respondent lacked the requisite authority to review the Petition.

■ Respondent argues in its Answer and Suggestions in Opposition that Petitioner was not aware of his appellate rights until the Disciplinary Order was *delivered* to him on July 29, 2008, therefore could not act upon the Disciplinary Order before July 29. Respondent argues that equity dictates Petitioner should have thirty days from the date the Disciplinary Order was delivered to him in which to file his Petition.

Respondent's argument is misguided because Section 536.110 expressly provides that the thirty-day period for filing a petition for review runs "from the date of [hand] delivery or *mailing of notice* of the agency's decision," not from the date of receipt. *Pelloquin v. Dir. of Revenue,* 894 S.W.2d 235, 236 (Mo.App. E.D.1995) (internal citations omitted). Despite the fact that Petitioner did not receive the Disciplinary Order until July 29, 2008, he was not precluded from filing his Petition within the thirty days provided by statute.

It is undisputed that Petitioner filed his Petition thirty-one days after the mailing of the Commission's Disciplinary Order. Respondent has not cited any Missouri statute, rule, or case allowing an extension of the thirty-day time limit proscribed in

---

1. All statutory references are to Missouri Revised Statutes (2000), unless otherwise noted.

2. Prior judicial opinions have often characterized the circuit court's inability to consider an out-of-time petition as a lack of subject matter jurisdiction. In reality, the circuit court does not lack subject matter jurisdiction over the petition, but lacks the authority to review the petition as a result of statutory limitations imposed by the legislature. *See J.C.W. ex rel Webb v. Wyciskalla,* 275 S.W.3d 249 (Mo. banc 2009).

Section 536.110. As such, the Petition is deemed to have been filed out of time and Respondent lacked authority to act on the Petition, other than to exercise its power to dismiss. Because Respondent lacks authority to hear the Petition, the Preliminary Order in Prohibition is made absolute.

### Conclusion

The Preliminary Order in Prohibition is hereby made absolute. Respondent is prohibited from taking any further action on Petitioner's Petition, other than to dismiss the Petition for lack of jurisdiction.

MARY K. HOFF and SHERRI B. SULLIVAN, JJ., Concur.