

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| WILLIAM SMITH, | ) | No. ED106751 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | |
| CITY OF ST. LOUIS, | ) | Honorable Michael F. Stelzer |
| | ) | |
| Respondent. | ) | Filed: April 23, 2019 |

## OPINION

William Smith ("Appellant") appeals from the judgment of the trial court dismissing as untimely his petition for judicial review of a decision of the Civil Service Commission (the "Commission"). Appellant asserts three points on appeal, arguing: (1) the trial court erred in considering documents outside the pleadings when adjudicating the City's motion to dismiss; (2) the Commission erred in dismissing his case without conducting an evidentiary hearing; and (3) the trial court erred in concluding Appellant's petition for judicial review was barred by the thirty-day filing deadline in Section 536.110. We affirm the judgment.

Factual and Procedural Background

### A.    *Underlying Facts and Proceedings before the Commission*

Appellant was a police officer with the St. Louis Police. On May 22, 2014, the police chief proposed to demote Appellant as discipline following allegations of misconduct. Appellant

timely appealed his demotion to the Commission and requested an evidentiary hearing. While that case was pending, the police chief proposed to terminate Appellant, suspended him without pay, and asked him to surrender his badge and his gun. Appellant also timely appealed his termination and requested an evidentiary hearing. Appellant was given a hearing date for his cases. However, prior to the hearing, Appellant submitted a written letter of resignation.

Following Appellant's resignation, the Commission dismissed Appellant's case challenging his termination, but the case challenging his demotion remained pending.[1] On April 26, 2016, the Commission mailed notice of the dismissal to the address on file for Appellant's counsel of record ("Counsel"). On September 11, 2017, Counsel contacted the Commission to check on the status of Appellant's case regarding the termination, and was informed that it had been dismissed. Counsel requested a copy of the Commissions dismissal, which the Commission provided on December 14, 2017.

### B.  *Petition for Judicial Review in the Trial Court*

On January 12, 2018, Counsel filed a Petition for Judicial Review of the Commission's decision to dismiss the appeal of Appellant's termination. The City filed a Rule 55.27(a)(1) motion to dismiss Appellant's petition for "lack of subject matter jurisdiction," arguing the petition was not filed within thirty days of the "mailing or delivery" of the Commission's decision, as required by Section 536.110. In support of its motion to dismiss, the City attached a copy of the Commission's April 26, 2016 dismissal notice, which indicated it was sent to the address on file for Appellant's Counsel. The City also attached an affidavit from the Secretary of

---

[1] The Commission previously dismissed the case regarding the demotion as well. However, Appellant filed a petition for judicial review, and the trial court reversed the dismissal of this case, remanding it to the Commission for an evidentiary hearing. At the time Appellant's appeal to this Court was filed, the case regarding his demotion was still pending before the Commission. Appellant asserted during oral argument that this case has since been resolved. However, the disposition of that case is not at issue in this appeal.

the Civil Service Commission, stating: he has personal knowledge of the Commission's decision to dismiss Appellant's case; the Commission entered its decision dismissing the appeal on April 19, 2016; and notice regarding the Commission's decision was mailed to Counsel on April 26, 2016 at the address listed on the dismissal notice.

The trial court held a hearing on the City's motion to dismiss, and heard arguments from the parties.[2] Appellant did not file a written response to the motion to dismiss prior to the hearing. During the oral argument, Counsel for Appellant asserted he did not receive the April 26, 2016 notice of dismissal from the Commission, and that the address the notice was mailed to was Counsel's former address, prior to relocating his office in December of 2015. Other than Counsel's assertions during oral argument, Appellant did not provide any evidence demonstrating Counsel moved his office prior to April 26, 2016. In response, the City asserted Appellant did not advise the Commission of any change of address prior to April 26, 2016, and Counsel was still using the same address on his filings with the Commission nearly a year after notice of the dismissal was mailed.

At the hearing, Appellant sought and was granted leave to file a written response after the hearing. In his written response, Appellant argued the thirty day filing deadline in Section 536.110.1 does not apply in this case because Appellant was never given a contested case hearing, therefore the Commission's dismissal did not constitute a final decision in a contested case. Appellant also asserted "the City never mailed or delivered its *actual Decision* to [Appellant] until December 14, 2017." (Emphasis added). Appellant did not challenge the City's

_____

[2] Because the record before us does not contain a transcript of the hearing, the only record we have of Appellant's argument at the hearing are the trial court's summary of Appellant's arguments contained in the judgment. However, the absence of a transcript of the hearing "does not preclude appellate review" because "[a] transcript of the parties' oral arguments would have no evidentiary value." *See Cityview Real Estate Servs., LLC v. K.C. Auto Panel, Inc.*, No. WD 81785, 2019 WL 659661, at *4, n.5 (Mo. App. W.D. Feb. 19, 2019), reh'g and/or transfer denied (Mar. 26, 2019).

3

evidence that it mailed *notice* of the dismissal on April, 26, 2016, nor did he present any argument or cite any evidence supporting that Counsel moved his office prior to April 26, 2016 or informed the Commission of any change of address.

Following the hearing, the trial court granted the City's motion to dismiss and entered judgment dismissing Appellant's petition for judicial review. In the judgment, the court found that, on April 26, 2016, the Commission mailed notice of its decision dismissing Appellant's case to "the address on file for [Appellant]'s counsel of record[.]" The court found "[Appellant] did not advise the Civil Service Commission of any change of address prior to April 26, 2016, and that nearly a year after the mailing of the notice, [Appellant] was still using the [same] address on his filings with the Civil Service Commission." The court also noted that "[Appellant] was again notified on September 11, 2017 via e-mail by an administrative assistant at the Civil Service Commission that his appeal of the proposed termination had been dismissed on April 26, 2016, but that [Appellant] still did not file his Petition until ninety four days after that e-mail[,] on January 13, 2018." Based on this evidence, the court concluded "the pleadings and the record leave absolutely no doubt that the thirty-day statutory time limit has not been complied with in this case. Consequently, this Court lacks the statutory authority to act on the Petition, other than to exercise its power to dismiss[.]" (internal quotations and citation omitted).

### C. *Appeal and Proceedings in this Court*

The trial court's judgment dismissing Appellant's petition became final on May 9, 2018. On May 21, 2018, Appellant improperly filed his notice of appeal directly with this Court. After the filing was returned and the error explained, Appellant untimely filed his notice of appeal in the circuit court on May 22, 2018. Appellant subsequently filed a Rule 81.07 motion to accept an untimely filed notice of appeal, which this Court granted.

4

On May 29, 2018, Appellant filed the record on appeal. After Appellant failed to file his initial Appellant's Brief by the July 28, 2018 deadline in Rule 84.05(a), this Court sent a notice of dismissal granting Appellant until August 16, 2018 to file his brief, pursuant to Rule 84.08. On August 16, 2018, Appellant filed a motion requesting to extend the filing deadline until August 24, 2018, which this Court granted. When Appellant missed the extended filing deadline, this Court issued a second notice of dismissal, granting Appellant until September 13, 2018 to file his brief. On September 13, 2018, Appellant filed another motion requesting to extend the filing deadline until September 17, 2018, which was granted. On September 19, 2018, Appellant untimely filed his brief without seeking leave to file an untimely brief.

On September 21, 2018, the City filed a Motion to Strike Appellant's brief as untimely, and for failure to comply with the briefing requirements of Rule 84.04(c) and (h). On September 24, 2018, Appellant filed a motion requesting permission to file his brief out of time. On October 15, 2018, this Court granted Appellant's motion to file his brief out of time, and ordered the City's Motion to Strike Appellant's Brief to be taken with the case.

On December 4, 2018, Appellant requested a motion to extend the time to file his Reply Brief, which this Court granted. However, the extended filing deadline passed without Appellant filing a Reply Brief.

Points on Appeal

Appellant asserts three points on appeal. In Point I, Appellant argues the trial court erred in granting the City's motion to dismiss because the court relied on documents extrinsic to the Petition without notifying the parties that the motion to dismiss would be converted to a summary judgment proceeding, in violation of Rule 55.27(a). In Point II, Appellant argues the commission erred in unilaterally dismissing Appellant's appeal from his termination because the

Commission was not authorized to deny Appellant a duly-requested contested case hearing. In Point III, Appellant argues the trial court erred in concluding Section 536.110 barred judicial review of his petition because the thirty-day limitation petition for contested cases does not apply when, as in this case, the Commission does not conduct an evidentiary hearing.

Discussion

## I.    Motion to Strike Appellant's Brief

We must first address the City's motion to strike Appellant's Brief and Appendix as untimely filed and for failure to comply with the briefing requirements of Rule 84.04(c) and (h).

We agree with the City that Appellant's brief was not timely filed, despite this Court granting Appellant four extensions, twice placing Appellant's case on the dismissal docket, and twice granting Counsel's eleventh-hour requests for an extension on the day Appellant's appeal would have been dismissed pursuant to Rule 84.08. Given that the merits of this case principally concern Counsel's conduct in failing to timely file Appellant's petition for judicial review, Counsel's repeated failures to comply with appellate filing deadlines and orders of this Court are concerning. However, we decline to strike Appellant's Brief because Appellant's case was not actively on the dismissal docket when the brief was filed, and Counsel did not file the brief more than fifteen days after an active notice of dismissal. *See* Rule 84.08 (rules governing involuntary dismissal of appeals).

Additionally, we also agree that the statement of facts in Appellant's Brief fails to comply with Rule 84.04(c) because it is not fair and concise, contains substantial argumentation, and repeatedly fails to provide proper citations to the record and appendix. Appellant's statement

6

of facts is saturated with inflammatory language[3] and legal arguments.[4] "Argumentative statements in the facts, omission of unfavorable evidence, and attempts by counsel to distort or misrepresent the facts, constitute violations of Rule 84.04(c) and warrant dismissal." *Reinsmidt v. Reinsmidt (In re Estate of Reinsmidt)*, 897 S.W.2d 73, 79 n.8 (Mo. App. E.D. 1995). Although we have discretion to dismiss an appeal for briefing deficiencies, "[t]hat discretion is generally not exercised unless the deficiency impedes disposition on the merits" because we "prefer[] to resolve an appeal on the merits of the case rather than to dismiss an appeal for deficiencies in the brief." *Guthrie v. Mo. DOL & Indus. Rel.*, 503 S.W.3d 261, 266 (Mo. App. W.D. 2016). Here, we decline to exercise our discretion to dismiss Appellant's appeal because his argument is "readily understandable" and Counsel's failures to follow the briefing guidelines brief do not impede our ability to address the merits of Appellant's claim. *See Scott v. King*, 510 S.W.3d 887, 892 (Mo. App. E.D. 2017); *Brown v. Hamid*, 856 S.W.2d 51, 53 (Mo. banc 1993). "But we cautiously exercise this discretion because each time we review a noncompliant brief *ex gratia*, we send an implicit message that substandard briefing is acceptable. It is not." *Scott*, 510 S.W.3d at 892.

Finally, we do not agree with the City that Appellant's Appendix violates Rule 84.04(h) by including copies of the Civil Service Rules governing the procedure the Commission was required to follow in the underlying case. Rule 84.04(h)(2) explicitly requires appellant's to

---

[3] The inflammatory language in Appellant's Brief included the following: "Appellant languished under those humiliating and intolerable Apartheid-like conditions for one hundred thirty-two (132) days"; and "The [Commission's] dastardly dismissal deprived Appellant of his meaningful opportunity to raise before the Commission the intolerable circumstances leading to his separation."

[4] The argumentative language in Appellant's brief included statements such as the following: "[T]hat allegation was demonstrably untrue at the time it was made; and the appointing authority utterly failed to produce any evidence[.]"; "[the City] acted without lawful authority when [it] acted in direct contravention of [Civil Service] Rule IX, Section 3(a)(2) and 4(b)[.]"; "[the City] effected a constructive discharge of Appellant."; and "That City contention is not only wrong as a matter of law. . . but also begs the question of whether Gardner and Dotson also constructively discharged Appellant."

include "the complete text of all statutes, ordinances, rules of court, or *agency rules* claimed to be controlling" (emphasis added). The Civil Service Rules are promulgated by the Commission pursuant to its authority under Section 84.344.8 (Cum. Supp. 2013) and Section 7 of Article XVIII of the Charter of the City of St. Louis. *See Fleming v. Holland*, 260 S.W.2d 840, 842 (Mo. App. St. Louis 1953). Therefore, they constitute "agency rules" which Appellant was required to file under Rule 84.04(h)(2) to the extent Appellant claims they were "controlling" of any issue in this appeal.

Accordingly, the City's motion to strike Appellant's Brief and Appendix is denied.

## II. The Trial Court did not Err in Considering Evidence Extrinsic to the Petition

In Point I, Appellant argues the trial court erred in considering evidence extrinsic to the petition when adjudicating the City's motion to dismiss without first notifying the parties it was converting the motion to dismiss into a motion for summary judgment. We disagree.

Appellant's argument is based on Rule 55.27(a), which provides that a motion to dismiss for failure to state a claim under Rule 55.27(a)(6) is converted to a motion for summary judgment if "matters outside the pleadings are presented to and not excluded by the court." Rule 55.27(a). However, this principle only applies to a motion to dismiss for failure to state a claim, not any of the other defenses permitted to be raised by motion under Rule 55.27(a).

Here, as the City correctly notes, its motion to dismiss clearly stated it was "for lack of jurisdiction[5] under Rule 55.27(a)(1)." Therefore, the motion was not converted to a motion for

---

[5] As the City concedes, its argument that an untimely petition for judicial review deprived the circuit court of subject matter jurisdiction is "outmoded" in light of the Supreme Court's holding in *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009). *See Dye v. Dep't of Mental Health*, 308 S.W.3d 321, 325 (Mo. App. W.D. 2010) (noting court's error in dismissing an untimely petition for judicial review for lack of subject matter jurisdiction, but allowing appellant to recharacterize its argument on appeal to properly assert an argument for dismissal based on a lack of "statutory authority"). Despite the City's erroneous characterization of its argument in the motion to dismiss, the trial court recognized the actual issue raise in the City's motion to dismiss was one of statutory authority, and properly decided the case on that ground. Whether the City's motion to dismiss was based on lack of subject matter jurisdiction or lack of statutory authority, it was not based on a failure to state a claim.

summary judgment when the circuit court considered the copy of the Commission's notice of dismissal attached to the City's motion to dismiss. *See Andra v. Left Gate Prop. Holding, Inc.*, 453 S.W.3d 216, 224-25 (Mo. banc 2015) (consideration of matters outside pleadings did not convert motion to dismiss for lack of personal jurisdiction to one for summary judgment). Under Rule 85.27(c), the circuit court properly held a preliminary hearing on the City's motion to dismiss and decided the matter prior to trial. *See McCracken v. Wal-Mart Stores E., LP*, 298 S.W.3d 473, 479 (Mo. banc 2009) (challenges to the circuit court's statutory authority to hear a case are properly raised "as an affirmative defense as provided in Rules 55.08 and 55.27(a)" following the Supreme Court's holding in *J.C.W. ex rel. Webb*, 275 S.W.3d 249, 254 (Mo. banc 2009)).

Accordingly, the circuit court did not err in ruling on the City's motion to dismiss in this case without converting it to a motion for summary judgment. *See State Bd. of Registration for the Healing Arts v. Draper*, 280 S.W.3d 134, 136 (Mo. App. E.D. 2009) (issuing a writ prohibiting the trial court "from taking any further action on the petition other than to dismiss the petition" after trial court erred in denying defendant-relator's motion to dismiss an untimely filed petition for judicial review). Point I is denied.

## III.     The Trial Court did not Err in Dismissing Appellant's Petition for Judicial Review

Next, we address Appellant's claim of error in Point III.[6] Appellant argues the trial court erred in concluding his petition for judicial review was not timely filed because the thirty-day filing deadline for contested cases in Section 536.110.1 does not apply when, as in this case, a

---

[6] We must address Appellant's points out of order because, as explained below, Appellant's claim of error in Point II is dependent upon our holding in Point III.

proceeding that should be decided as a contested case following an evidentiary hearing is dismissed without any hearing. We disagree.

Our standard of review when considering a trial court's grant of a motion to dismiss is *de novo*. *Vogt v. Emmons*, 158 S.W.3d 243, 247 (Mo. App. E.D. 2005); *Aust v. Platte Cty.*, 477 S.W.3d 738, 741 (Mo. App. W.D. 2015) (reviewing *de novo* dismissal of a petition for judicial review). We will affirm the dismissal on any meritorious ground stated in the motion. *Aust*, 477 S.W.3d at 741. We accept all of plaintiff's averments as true and view the allegations in the light most favorable to the plaintiff. *Vogt*, 158 S.W.3d at 247.

### A. Appellant's Case was a Contested Case

First, we must determine whether the Commission's decision to dismiss Appellant's case without an evidentiary hearing constitutes a contested case or a non-contested case. "Determining whether an administrative proceeding is a contested or non-contested case is not left to the discretion of the administrative body, but is, rather, determined as a matter of law." *Sapp v. City of St. Louis*, 320 S.W.3d 159, 162 (Mo. App. E.D. 2010). A "contested case" is defined by Section 536.010(4) as "a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing[.]" "The term 'hearing,' as used in section 536.010(4), means a proceeding at which a 'measure of procedural formality' is followed. *Sapp*, 320 S.W.3d at 163 (quoting *Ladd v. Missouri Bd. of Probation and Parole*, 299 S.W.3d 33, 38 (Mo. App. W.D. 2009)). "The relevant inquiry is not whether the agency in fact held a contested case hearing, but whether it should have done so." *State ex rel. Yarber v. McHenry*, 915 S.W.2d 325, 328 (Mo. banc 1995).

The parties agree that the Commission's decision regarding the termination of a police officer is generally a contested case under the Missouri Administrative Procedures Act,[7] and that Appellant had a statutory right to an evidentiary hearing in this case. *See Sapp*, 320 S.W.3d at 166. The parties do not contest that the Commission is an "agency" or that its dismissal of Appellant's case constituted a "final decision" as those terms are used in Section 536.110.1. Where the parties disagree is whether the dismissal of a proceeding that should be a contested case prior to a statutorily required hearing should still be treated as a contested case and subject to the thirty-day timeline for filing a petition for judicial review under Section 536.110.1.

Appellant argues the proceeding is "converted into a non-contested case" if the proceeding is dismissed without a hearing. In support of this argument, Appellant cites *Hagely v. Bd. of Educ. of Webster Groves Sch. Dist.*, 841 S.W.2d 663, 668-69 (Mo. banc 1992) and *Sapp*, 320 S.W.3d at 165-66. In response, the City argues the dismissal of a contested case prior to a hearing remains a contested case, distinguishing Appellant's cases and citing *Weber v. Firemen's Ret. Sys.*, 872 S.W.2d 477, 480 n.3 (Mo. banc 1994) and *State ex rel. Yarber*, 915 S.W.2d at 328. We agree with the City.

In *Hagely*, the Missouri Supreme Court stated, "A hearing that is not held pursuant to the procedural format necessary under MAPA does not qualify as a contested case, even though the hearing is required by law." *Hagely*, 841 S.W.2d at 668-69. The Court also held that, "In the absence of any evidence that the hearing given to appellants was conducted in conformity with the procedural requirements of an adversary hearing under MAPA, the hearing was not a

---

[7] Under Section 84.150 (Cum. Supp. 2010), St. Louis City Police Officers are "subject to removal only for cause after a hearing by the board [of police commissioners], who are hereby invested with exclusive jurisdiction in the premises." This authority to conduct hearings and remove officers was transferred to the Civil Service Commission by operation of Section 84.344 (Cum. Supp. 2013) when the City of St. Louis elected to create its own municipal police force in 2013.

contested case. Accordingly, appellants' claims are not subject to the time limitation of § 536.110.1." *Id*. at 669.

As the City argues, Appellant's reliance on this language from *Hagely* is misplaced. The Missouri Supreme Court recognized in *Weber* that "[p]rocedure does not generally change the substantive nature of a dispute." *Weber*, 872 S.W.2d at 480 n.3 (distinguishing *Hagely*). In *Weber*, the Missouri Supreme Court criticized its holding in *Hagely* as "too broad," stating: "We may have painted with too broad a brush in *Hagely* . . . when we said '[a] hearing that is not held pursuant to the procedural format necessary under MAPA does not qualify as a contested case, even though the hearing is required by law.'" *Id*. (quoting *Hagely*, 841 S.W.2d at 668-69); *see also State ex rel. Yarber*, 915 S.W.2d at 328 (following *Weber* while distinguishing *Hagely*).

Appellant's reliance on this Court's holding in *Sapp* is also unpersuasive. In *Sapp*, we reversed the dismissal of a petition for judicial review in a contested case despite the fact that the petition was filed after the thirty-day filing deadline in Section 536.110.1. *Sapp*, 320 S.W.3d at 165-66. The appellant in *Sapp* filed a petition for judicial review of a decision of the Civil Service Commission pursuant to 536.150, which is the applicable statute for review of a *non-contested* case. The City filed a motion to dismiss, arguing the petition was untimely filed because appellant's case was actually a contested case as a matter of law, and the petition was not filed within thirty days of when the Commission's final decision was mailed. Although the appellate court agreed that this was a contested case as a matter of law, the court held that the doctrine of quasi-estoppel barred the City from seeking the dismissal of appellant's case based on the fact that it was actually a contested case because the City had affirmatively misinformed appellant that he was not entitled to a contested case hearing, therefore equitable principles

prevented the city from taking a position in the trial court that was inconsistent with its prior position before the Commission.

We agree with the City that our holding in *Sapp* is distinguishable from the facts of this case. Here, unlike in *Sapp*, the City never informed Appellant he was not entitled to a contested case hearing. None of the facts in this case invoke the doctrine of quasi-estoppel or any equitable principle as the record makes it clear Appellant was always aware his case was a contested case.

Although neither party has cited the Western District's opinion in *Eleven Star, Inc. v. Dir. of Revenue*, we find it to be persuasive, even if not directly on point. In *Eleven Star*, the Western District recognized that the thirty-day period for filing a petition for judicial review in a contested case applies even if the final decision is a dismissal. *Eleven Star, Inc. v. Dir. of Revenue*, 764 S.W.2d 521, 522 (Mo. App. W.D. 1989) ("[T]he party appealing to this court from the Commission decision must file a motion to set aside the dismissal and obtain a final decision from the Commission reinstating the petition prior to the expiration of the 30 days following the final decision."); *see also* Mo. Practice Series 20A, sec. 12:20, p. 52 and n.16 ("If the agency's final order is a dismissal of the appellant's petition, the 30 day time for appeal still applies."). Although *Eleven Star* dealt with the question of whether an agency has authority to set aside a dismissal for failure to prosecute, the court nonetheless treated the Commission's dismissal of a case prior to a hearing as a decision in a contested case. Therefore, its analysis regarding the filing deadlines for judicial review is applicable to this case and is consistent with the opinions of the Missouri Supreme Court we rely on in *Weber* 872 S.W.2d at 480 n.3 and *State ex rel. Yarber*, 915 S.W.2d at 328.

For the foregoing reasons, we hold the Commission's dismissal of Appellant's case prior to an evidentiary hearing did not convert the proceeding to a non-contested case. *See Weber*, 872

13

S.W.2d at 480 n.3. Therefore, the thirty-day filing deadline for contested cases still applied. *See Eleven Star*, 764 S.W.2d at 522.

### B.     *Appellant's Petition for Judicial Review was not Timely Filed*

Having determined this was a contested case, we must now determine whether Appellant's petition for judicial review was timely filed. Pursuant to Section 536.110.1, "[p]roceedings for [judicial] review [in a contested case] may be instituted by filing a petition in the circuit court of the county of proper venue within thirty days after the mailing or delivery of the notice of the agency's final decision."

The City presented two pieces of evidence demonstrating that notice of the Commission's dismissal was mailed on April 26, 2016 to the address on file for Appellant's Counsel of record: a copy of the notice showing it was mailed to Counsel's address, and an affidavit from the Secretary of the Commission stating the notice of dismissal was mailed to Appellant at that address on that date. Conversely, there was no evidence that Counsel never received the notice of dismissal.

We acknowledge Appellant's petition alleged a copy of the dismissal was not received until December 14, 2017 and that Counsel moved his office address in December of 2015. We also acknowledge Counsel repeated these assertions during the oral argument on the motion to dismiss. However, the allegations in Appellant's petition are not evidence. *See Reno v. Reno*, 461 S.W.3d 860, 866 (Mo. App. W.D. 2015) ("Allegations are not evidence. . . [A]llegations . . . are not self-proving."). Moreover, even if there was a transcript of hearing on the motion to dismiss, Counsel's assertions during oral arguments have no evidentiary value. *See Cityview Real Estate Servs., LLC v. K.C. Auto Panel, Inc.*, No. WD 81785, 2019 WL 659661, at *4, n.5 (Mo. App. W.D. Feb. 19, 2019), reh'g and/or transfer denied (Mar. 26, 2019) ("A transcript of the parties'

14

oral arguments would have no evidentiary value."). Finally, there is nothing in the record to suggest, let alone evidence to establish, that either Appellant or Counsel informed the Commission of any change of address prior the mailing of the notice of dismissal on April 26, 2016. Nor is there any evidence the Notice of Dismissal was returned by the post office as undeliverable. We also note that Counsel continued to use this address in filings before the court well after the Notice of Dismissal was mailed.

Based on the evidence presented to the trial court, we find the Commission properly mailed notice of the dismissal to Appellant on April 26, 2016. *See Amerco Mktg. Co. v. Gantney*, 702 S.W.2d 133, 134 (Mo. App. E.D. 1985) (notice of dismissal sent to plaintiff's counsel of record at his prior address constituted notice to plaintiff because plaintiff failed to establish counsel ever informed the court clerk of the change of address); *see also Estate of Knapp v. Newhouse*, 894 S.W.2d 204, 208 (Mo. App. E.D. 1995) (parties have an obligation to keep the court informed of any change of address).

Accordingly, the trial court did not err in dismissing Appellant's petition for judicial review as untimely. Because the petition was not filed within thirty days of the date notice of the Commission's dismissal of his case was mailed, as required by Section 536.110.1, the trial court had no authority over Appellant's case except to dismiss the petition. *See Draper*, 280 S.W.3d at 136. Point III is denied.

**IV.     The Merits of the Commission's Decision is Not at Issue in this Appeal**

In Point II, Appellant challenges the decision of the Commission to dismiss his case regarding his termination. We need not address this point in light of our determination, in Point III, that the trial court properly dismissed Appellant's petition for judicial review as untimely filed. *See Coleman v. Mo. Sec'y of State*, 313 S.W.3d 148, 158 (Mo. App. W.D. 2010) (denying

appellate review of a decision of an administrative agency where the trial court properly dismissed judicial review of the claim). Because the trial court did not have statutory authority to review the merits of the Commission's decision, we likewise cannot review the Commission's decision. *Id*. "It is axiomatic that a review of the merits is thus beyond the proper scope of this appeal." *Id*; *see also State v. Tyler*, 224 S.W.3d 89, 90-91 (Mo. App. W.D. 2007) (appellate court's jurisdiction is "derivative of the trial court;" where the trial court lacked jurisdiction to entertain appellant's untimely motion for post-conviction relief, appellate court lacked jurisdiction over appellant's appeal). Point II is dismissed. *See id*.

Conclusion

The judgment of the trial court dismissing Appellant's petition for judicial review is affirmed.

_____
Angela T. Quigless, J.

Roy L. Richter, P.J., and
Robert M. Clayton III, J., concur.