

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| DARRYL L. WILLIAMS, | ) | No. ED110298 |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| CITY OF KINLOCH, | ) | Cause No. 19SL-CC02824 |
| | ) | |
| and | ) | |
| | ) | |
| THE BOARD OF ALDERMEN OF | ) | Honorable Nancy Watkins McLaughlin |
| THE CITY OF KINLOCH, | ) | |
| | ) | |
| Appellants. | ) | Filed: December 13, 2022 |

## Introduction

Appellants City of Kinloch and the Board of Aldermen of the City of Kinloch (collectively, Kinloch) impeached and removed Respondent Darryl L. Williams from the office of Mayor. Williams filed a petition for judicial review in the Circuit Court of St. Louis County. The circuit court entered judgment reversing Kinloch's decision to impeach and remove Williams. In four points on appeal, including that Williams untimely filed his petition for judicial review, Kinloch urges us to reverse the circuit court's judgment. We reverse the circuit court's judgment and remand with instructions to dismiss Williams's petition.

**Factual and Procedural Background**

On March 11, 2019, Williams filed his Declaration of Intent to Be a Write-In Candidate for the Office of Mayor for the City of Kinloch with the St. Louis County Election Board (County Election Board). Along with the Declaration, Williams signed a Missouri Department of Revenue Form 5120, or a Candidate's Affidavit of Tax Payments and Bonding Requirements. Pursuant to Section 115.306.2(2),[1] by signing and submitting the form, Williams "declare[d] under penalties of perjury that [he was] not currently aware of any delinquency in the filing or payment of any . . . personal property taxes . . ., as stated on [his] declaration of candidacy."

The same day, the County Election Board notified the City of Kinloch's City Clerk and Election Official (Clerk) of Williams's Declaration. On March 24, 2019, the Clerk informed the County Election Board that Williams was ineligible for candidacy under Sections 115.306 and 561.021 and City of Kinloch Ordinances 2122 and 20159. The Clerk alleged Williams owed personal property taxes for tax years 2015, 2016, 2017, and 2018 and, therefore, perjured himself when he knowingly signed the Affidavit of Tax Payments and Bonding Requirements to the contrary.

The County Election Board took no action regarding Williams's eligibility, and Williams was elected Kinloch's mayor on April 2, 2019. On April 16, 2019, Kinloch informed Williams he was suspended pursuant to the authority vested in the Board of Aldermen by Section 79.240, pending investigation by the Board. Three days later, Kinloch served Williams with three articles of impeachment based on his failure to pay taxes, his affidavit that he paid taxes, and an outstanding traffic warrant. Kinloch informed Williams his impeachment hearing was scheduled for May 17, 2019.

---

[1] All statutory references are to the Revised Statutes of Missouri (Cum. Supp. 2019) unless otherwise indicated.

Prior to the impeachment hearing, Williams, through counsel, filed a verified petition in the Circuit Court of St. Louis County against Kinloch for injunctive relief from his suspension and a declaratory judgment that his suspension was void.

On May 17, 2019, the Board of Aldermen held Williams's impeachment hearing. Williams appeared *pro se*. He offered no evidence, made no objections, and cross-examined no witnesses. The Board unanimously found Williams guilty on all three articles of impeachment. On May 24, 2019, Kinloch issued its findings of fact and conclusions of law.

On the same day, new counsel for Williams entered his appearance in Williams's declaratory judgment action and voluntarily dismissed the petition. In a later deposition, Williams testified that he retained new counsel to look into the impeachment situation, explain the impeachment, represent him on the impeachment, and, if it went further, to continue to represent him and be his attorney regarding the impeachment hearing. Williams responded affirmatively when asked if he wanted this counsel "to handle the entire matter, meaning you wanted him to help you with the impeachment matters as well; do I understand that correctly?" Williams testified that counsel continued to represent him after May 24, 2019 and denied that he fired counsel at any time.

Also on May 24, 2019, Williams's counsel and Kinloch's counsel discussed the Board's findings of fact and conclusions of law. Four days later, on May 28, 2019, Kinloch sent the Board's findings of fact and conclusions of law to the business email address of Williams's counsel, reminding him of their prior discussion regarding the Board's decision. This email address was the same email address used in counsel's correspondence with the circuit court.[2] The email from

---

[2] Rule 55.03(a) requires attorneys to include (if applicable) their electronic mail address below the signature line on every pleading, motion, and other filing. *See also* Rule 43.01(c). All rule references are to the Missouri Supreme Court Rules (2022) unless otherwise indicated.

Kinloch to Williams's counsel stated: "Please find attached, as discussed briefly in the Court hearing this past May 24th, the Findings Of Fact and Conclusions of Law as it pertains to your client Mr[.] Darryl L. Williams[.]" The email was not returned as undeliverable, nor was there any other indication that Williams's counsel did not receive notice of the Board's decision.

Williams filed a petition in the Circuit Court of St. Louis County for judicial review of his impeachment and removal on July 15, 2019, 48 days after Kinloch sent notice of the Board's decision to Williams's counsel on May 28, 2019. In the petition, Williams nonetheless averred the petition was timely filed within the 30-day filing period in Section 536.110 because: the Board's findings of fact and conclusions of law were never served on him; only after a telephone inquiry, the Board emailed the findings of fact and conclusions of law to Williams's counsel on or about June 18, 2019; and on or about June 21, 2019 Williams's counsel received a copy of the findings of fact and conclusions of law, along with exhibits and a partial transcript, via U.S. Mail. With his petition, Williams filed an incomplete transcript of the proceedings before the Board.[3]

On August 14, 2019, Kinloch filed a motion to dismiss Williams's petition for lack of subject matter jurisdiction because Williams failed to timely file the petition. Attached to Kinloch's motion was a copy of the email disclosing the Board's findings of fact and conclusions of law to Williams's counsel on May 28, 2019. Williams did not respond to Kinloch's motion. Kinloch later renewed its motion to dismiss the petition for lack of subject matter jurisdiction. The circuit court denied Kinloch's motion to dismiss the petition.

Kinloch also moved for summary judgment pursuant to Rule 74.04. In its attached statement of uncontroverted material facts, Kinloch stated: counsel represented Williams on May

---

[3] "The record to be filed in the reviewing court shall be filed by the plaintiff" and shall consist of a "complete transcript of the entire record, proceedings and evidence before the agency." *See* Mo. Rev. Stat. §§ 536.130.1, 536.130.4. The circuit court ultimately required Kinloch to file the entire transcript. *See id.* § 536.130.4 ("The court may require or permit subsequent corrections of or additions to the record.").

24, 2019; on that date, Kinloch informed Williams's counsel that it would send notice via email of the Board's decision to impeach Williams; Kinloch sent such notice to the business email address of Williams's counsel on May 28, 2019; counsel continued representing Williams without interruption after May 24, 2019; and Williams untimely filed his petition for judicial review of the Board's decision on July 15, 2019. Kinloch supported its statement of uncontroverted material facts with citations to Williams's deposition, the May 28, 2019 email from Kinloch to Williams's counsel, and other exhibits. There is no indication in the record that Williams responded to Kinloch's motion for summary judgment as required by Rule 74.04(c)(2).[4] Despite Williams's apparent failure to respond, the circuit court denied Kinloch's motion for summary judgment.

After a brief hearing at which the parties stipulated to the contents of the record, the circuit court entered findings of fact, conclusions of law, and judgment reversing the Board's impeachment and removal of Williams.

Kinloch appeals. Williams has not filed a brief or otherwise responded on appeal.[5]

### Discussion

In its four points on appeal, Kinloch argues the circuit court lacked jurisdiction because Williams untimely filed his petition for judicial review, Williams failed to file the transcript of the impeachment proceedings, the circuit court erred in failing to deem admitted Kinloch's statement of uncontroverted material facts, and the circuit court erred in concluding Williams's impeachment and removal were not supported by competent and substantial evidence.

---

[4] The failure to respond to a motion for summary judgment is an admission of the attached statement of uncontroverted material facts. *See* Rule 74.04(c)(2); *Green v. Fotoohighiam*, 606 S.W.3d 113, 117 (Mo. banc 2020).
[5] "While precedent dictates that there is no penalty prescribed for a respondent's failure to file a brief, that failure deprives this Court of the benefits of the adversarial process." *State v. Stewart*, 640 S.W.3d 174, 178 n.3 (Mo. App. E.D. 2022).

Kinloch's first point is dispositive. Williams failed to file his petition for judicial review within the 30-day filing period in Section 536.110, and the circuit court lacked authority to consider the petition. We need not address the merits of Kinloch's other three points on appeal.

*Standard of Review* – De Novo

Ordinarily, the denial of a motion to dismiss is not considered a final judgment and therefore is not appealable. *State ex rel. Hawley v. Robinson*, 577 S.W.3d 823, 829 n.5 (Mo. App. E.D. 2019) (citing *In re O.J.B.*, 436 S.W.3d 726, 728 (Mo. App. W.D. 2014)). That said, the denial of a motion to dismiss can be considered on appeal from a final judgment. *Robinson*, 577 S.W.3d at 829 n.5.

When a circuit court grants a motion to dismiss, we review *de novo. Giudicy v. Mercy Hosps. E. Communities*, 645 S.W.3d 492, 496 (Mo. banc 2022). But when the court denies a motion to dismiss, our standard of review depends upon the grounds for dismissal raised in the motion. *See Forbes v. Allison*, 646 S.W.3d 733, 738 n.5 (Mo. App. S.D. 2022) ("[W]here the basis for the dismissal is based on a question of law, appellate courts have applied *de novo* review."). Here, we apply *de novo* review because Kinloch's motion was grounded in a question of law: whether the circuit court lacked jurisdiction or authority to review Williams's petition. *Karrenbrock Constr., Inc. v. Saab Auto Sales & Leasing, Inc.*, 540 S.W.3d 899, 901 (Mo. App. E.D. 2018).

*The 30-Day Filing Period in Section 536.110*

Chapter 536 of the Revised Statutes of Missouri governs Administrative Procedure and Review. Section 536.090 of that chapter requires, "Immediately upon deciding any contested case the agency shall give written notice of its decision by delivering or mailing such notice to each party, or his attorney of record, and shall upon request furnish him with a copy of the decision,

order, and findings of fact and conclusions of law."[6] In turn, Section 536.110 sets forth the process and time limits for judicial review of administrative agency decisions. *State Bd. of Registration for Healing Arts v. Draper*, 280 S.W.3d 134, 136 (Mo. App. E.D. 2009). Subsection 1 of that section provides, "Proceedings for review may be instituted by filing a petition in the circuit court of the county of proper venue within thirty days after the mailing or delivery of the notice of the agency's final decision." Mo. Rev. Stat. § 536.110.1. Thus, petitions for judicial review are due to be filed within 30 days of the mailing or delivery of notice of the agency's decision. *Draper*, 280 S.W.3d at 136.

A party's failure to file a petition for review within 30 days is fatal to that party's pursuit of judicial review. *Poplar Bluff Internet, Inc. v. City of Poplar Bluff*, 427 S.W.3d 343, 355 (Mo. App. S.D. 2014); *see also*, *e.g.*, *Pelloquin v. Dir. of Revenue*, 894 S.W.2d 235, 236 (Mo. App. E.D. 1995) (holding circuit court was without subject matter jurisdiction because driver filed petition for judicial review one day late). When a petition for review is filed out of time, the circuit court has no authority to hear the petition. *Draper*, 280 S.W.3d at 136.[7] When the circuit court lacks authority, the court may not take any action other than to exercise its inherent power to dismiss the petition. *Id.*; *see also Smith v. City of St. Louis*, 573 S.W.3d 705, 716 (Mo. App. E.D. 2019).

Thus, if Williams in fact filed his petition for judicial review more than 30 days after Kinloch's mailing or delivery of notice of the Board's decision to impeach and remove him, then the circuit court lacked authority to consider the petition and erred in failing to dismiss it. We

---

[6] Kinloch's Board of Aldermen is an "agency" for the purpose of Chapter 536. *See* Mo. Rev. Stat. § 536.010(2); *see also PMS 4583 LLC v. City of New Melle*, 639 S.W.3d 10, 17-18 (Mo. App. E.D. 2021).

[7] "Prior judicial opinions have often characterized the circuit court's inability to consider an out-of-time petition as a lack of subject matter jurisdiction. In reality, the circuit court does not lack subject matter jurisdiction over the petition, but lacks the authority to review the petition as a result of statutory limitations imposed by the legislature." *Draper*, 280 S.W.3d at 136 n.2 (citing *J.C.W. ex rel Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009)).

therefore consider the timing of Kinloch's notice to Williams and whether Kinloch's email constituted "mailing or delivery" of that notice under Section 536.110.1.

*The Timing of Kinloch's Notice to Williams*

The uncontroverted fact is that Kinloch sent notice of the Board's decision via email to Williams's counsel on May 28, 2019. There is no evidence to the contrary. *See Smith*, 573 S.W.3d at 715 ("[T]here was no evidence that Counsel never received the notice of dismissal.").

This Court's decision in *Smith* is particularly instructive. There, the circuit court dismissed the petition for judicial review of a decision of the Civil Service Commission as untimely under Section 536.110.1. *Smith*, 573 S.W.3d at 708. The Commission mailed its decision to the petitioner's counsel on April 26, 2016, but counsel did not file a petition for judicial review until well after the 30-day filing period. *Id.* at 708-09. The respondent, the City of St. Louis, moved to dismiss the petition for lack of jurisdiction, arguing the petition was not filed within 30 days of the "mailing or delivery" of notice of the Commission's decision under Section 536.110.1. The City attached the Commission's decision indicating it was mailed to counsel's address on April 26, 2016, and an affidavit stating as much. *Smith*, 573 S.W.3d at 709. The petitioner did not file a response. At the hearing on the motion, the petitioner's counsel asserted he did not receive the notice and that his office had moved. He offered no evidence, and the City pointed out that counsel continued to use the same address in his filings. *Id.* The petitioner maintained that the City did not mail its actual decision until much later but did not challenge the City's evidence that it mailed notice of the decision on April 26, 2016. *Id.* The circuit court dismissed the petition as untimely. *Id.* at 710.

This Court observed the allegations in the petition and argument by counsel were not evidence. *Id.* at 715. There was no evidence of counsel's change of address or that the notice was

8

returned as undeliverable. Rather, counsel continued to use the same address after the notice was mailed. *Id.* at 716. Accordingly, we affirmed the circuit court's dismissal of the petition for judicial review as untimely under Section 536.110.1. *Smith*, 573 S.W.3d at 716.

Here, Williams alleged in his petition that the petition was timely filed, the Board's findings of fact and conclusions of law were never served on Williams, and his counsel did not receive the findings of fact and conclusions of law until they were emailed to him on or about June 18, 2019. But, as in *Smith*, the allegations in Williams's petition are not evidence. *See id.* at 715. Even if they were, the fact that Williams personally was never served is immaterial, as Section 536.090 allows for notice to a party or his attorney of record, and notice to counsel is imputed to the client. *See*, *e.g.*, *Cedar Park Dev., LLC v. Powers*, 611 S.W.3d 555, 562 (Mo. App. S.D. 2020) ("Knowledge acquired by Lough's attorney about her case, regardless of whether acquired by email correspondence from opposing counsel or an eNotice from the statewide court automation system, is imputed to Lough.").

Equally immaterial is the date on which Williams's counsel received the findings of fact and conclusions of law. Section 536.110.1 requires the filing of a petition within 30 days after the mailing or delivery of notice of the decision, not of the findings of fact and conclusions of law themselves. *See Smith*, 573 S.W.3d at 709; *see also Moesch v. Moniteau Cnty. R-1 Sch. Dist. Bd. of Educ.*, 257 S.W.3d 661, 664 (Mo. App. W.D. 2008) (distinguishing Section 168.118(7)'s "written copy of the decision" from Section 536.110.1's "notice"). Regardless, the undisputed fact is that notice of the decision, and the findings of fact and conclusions of law, were sent via email to Williams's counsel on May 28, 2019.

Also as in *Smith*, Williams never alleged, let alone presented any evidence, that the Board's notice to Williams's counsel was returned as undeliverable. 573 S.W.3d at 716. ("Nor is there any

9

evidence the Notice of Dismissal was returned by the post office as undeliverable."). Indeed, Williams's counsel consistently listed on Williams's pleadings the same email address to which Kinloch sent the notice of the Board's decision. *See id.* ("We also note that Counsel continued to use this address in filings before the court well after the Notice of Dismissal was mailed.").

For these reasons, the record is clear that the notice of the Board's decision required by Section 536.090 was sent via email to Williams's counsel on May 28, 2019. The only remaining issue, then, is the legal question of whether that email constituted the requisite "mailing or delivery" of notice of the Board's decision to start the 30-day filing period in Section 536.110.1.

*Kinloch's Email Was the "Mailing or Delivery" of Notice of the Board's Decision.*

Neither party directs us to a statutory definition of the terms "mailing or delivery" as they appear in Section 536.110.1. Absent a statutory definition, we turn to basic rules of statutory interpretation. *See DMK Holdings, LLC v. City of Ballwin*, 646 S.W.3d 708, 712 (Mo. App. E.D. 2022). Our primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute. *Am. Fed'n of State, Cnty. & Mun. Employees, AFL-CIO, Council 61 v. State*, 653 S.W.3d 111, 120 (Mo. banc 2022). "Words and phrases shall be taken in their plain or ordinary and usual sense, but technical words and phrases having a peculiar and appropriate meaning in law shall be understood according to their technical import." Mo. Rev. Stat. § 1.090; *see also State v. Bales*, 630 S.W.3d 754, 760 n.5 (Mo. banc 2021).

Generally, our Supreme Court consults a standard English language dictionary when determining the ordinary meaning of a word. *Bales*, 630 S.W.3d at 760 n.5; *see also Tinnin v. Mo. Dep't of Transp. & Patrol Employees' Ret. Sys.*, 647 S.W.3d 26, 36 (Mo. App. W.D. 2022) (". . . with preferences shown to *Webster's Third New International Dictionary*"); *AAA Laundry & Linen Supply Co. v. Dir. of Revenue*, 425 S.W.3d 126, 132 (Mo. banc 2014) (calling *Webster's Third*

"the institutional dictionary of choice"). But definitions of "technical words and phrases having a peculiar and appropriate meaning in law," Mo. Rev. Stat. § 1.090, may be derived from *Black's Law Dictionary*. *See Bales*, 630 S.W.3d at 760 n.5.

The primary definition of "mailing" in *Webster's Third* is, syllogistically enough, "the act of sending by mail." *Mailing*, *Webster's Third New Int'l Dictionary Unabridged* 1362 (3d ed. 2002). In turn, "mail" is "the bags of letters and the other postal matter conveyed under public authority from one post office to another," and redundantly, "a conveyance that transports mail." *Mail*, *id.* at 1361.

*Webster's Third* more helpfully defines "delivery," in pertinent part, as "the act of putting property into the legal possession of another . . . whether involving the actual transfer of the physical control of the object from one to the other or being constructively effected in various other ways (as by the handing over of something symbolical of the thing sought to be delivered);" "utterance esp. of words;" and "the act of communicating : STATEMENT, NARRATION, ACCOUNT." *Delivery*, *id.* at 597. These standard definitions of "delivery" are sufficiently broad to include email.

That said, the standard definitions are so broad as to suggest that Section 536.110.1 employs the terms "mailing or delivery" in a technical, legal sense. Tellingly, among the legal definitions of "mail" in *Black's Law Dictionary* is "[o]ne or more written or oral messages sent electronically (e.g., through e-mail or voicemail)." *MAIL*, *Black's Law Dictionary* (11th ed. 2019). *Black's* defines "delivery" as the "formal act of voluntarily transferring something; esp., the act of bringing goods, letters, etc. to a particular person or place." *DELIVERY*, *id.* Thus, *Black's* definition of "mail" explicitly embraces email, while its definition of "delivery," like the standard

11

definitions in *Webster's Third*, is broad enough to include email. And, of course, Section 536.110.1 refers to "mailing or delivery" in the disjunctive, meaning either will do.

In addition to dictionary definitions, context may inform the meaning of these statutory terms. *See Gross v Parson*, 624 S.W.3d 877, 885 (Mo. banc 2021) (citing *State ex rel. Anheuser-Busch, LLC v. Moriarty*, 589 S.W.3d 567, 570 (Mo. banc 2019)). If we were to look to other statutes *in pari materia*, *see Gross*, 624 S.W.3d at 885, we would observe that their notice requirements are strictly delineated. *See, e.g.,* Mo. Rev. Stat. § 67.820.1 ("certified mail with return receipt"); *id.* § 140.405.2 ("both first class mail and certified mail return receipt requested"); *id.* §143.241.9 ("first class mail, postage prepaid, certified with return receipt requested"); *id.* §§ 408.040.3(1), 452.377.2 ("certified mail return receipt requested"). By contrast, Section 536.110.1 does not specify notice via anything approaching "certified mail return receipt requested" or "first class mail, postage prepaid." Instead, it provides more generically for notice by "mailing or delivery," which, as we have said, are inclusive of email.

Finally, Rule 43.01, which addresses service of written notice in civil proceedings in the circuit courts, offers guidance.[8] Rule 43.01(c) provides that service may be made upon  attorneys of represented parties by "electronic mail" to the "electronic addresses" that attorneys are required to include in the signature blocks of their pleadings. Rule 43.01(d) elaborates that service by electronic mail generally is complete upon transmission. *See generally R.B. Indus., Inc. v. Goldberg*, 601 S.W.2d 5, 7 (Mo. banc 1980) ("We believe that where service of an agency's final decision is by mailing it (Rule 100.04(a); § 536.110.1), service is complete upon the mailing (Rule

---

[8] We clarify that Rule 43.01 offers only some guidance by analogy and that the rules of civil procedure generally do not apply to administrative proceedings. *See Harter v. Mo. Pub. Serv. Comm'n*, 361 S.W.3d 52, 56 (Mo. App. W.D. 2011).

43.01(c)); and that proceedings for review may not be instituted by filing a petition in the circuit court 33 days after the date of mailing.").

For these reasons, we conclude that the terms "mailing or delivery" in Section 536.110.1 include email. Therefore, Kinloch's May 28, 2019 email to Williams's counsel was the mailing or delivery of notice of the Board's decision, which implicated the 30-day filing period in Section 536.110.1. Accordingly, Williams's petition for judicial review of his impeachment and removal filed on July 15, 2019, 48 days after Kinloch's email of May 28, 2019, was untimely, and the circuit court erred in not dismissing the petition.

Kinloch's first point is granted. Because this first point is dispositive, we do not address the considerable merits of Kinloch's other points on appeal. *See State ex rel. Swoboda v. Mo. Comm'n on Human Rights*, 651 S.W.3d 800, 804 n.7 (Mo. banc 2022); *see also Smith*, 573 S.W.3d at 716 ("Because the trial court did not have statutory authority to review the merits of the Commission's decision, we likewise cannot review the Commission's decision.").

## Conclusion

Pursuant to Rule 84.14, we reverse the judgment of the circuit court and remand with instructions to dismiss Williams's petition for judicial review.

Cristian M. Stevens, J.

Gary M. Gaertner, Jr., P.J., and
John P. Torbitzky, J., concur.

13