

# In the
# Missouri Court of Appeals
# Western District

QUINCY CLARK
ENTERTAINMENT, LLC,

    Appellant,

v.

LIQUOR CONTROL, ET AL,

    Respondents.

)
)
)
)
)
)
)
)
)
)
)

WD85531

OPINION FILED:
October 24, 2023

**Appeal from the Circuit Court of Jackson County, Missouri**
The Honorable Adam Lyle Caine, Judge

Before Division Four:  Gary D. Witt, Chief Judge, Presiding, Cynthia L. Martin, Judge,
and Thomas N. Chapman, Judge

Quincy Clark Entertainment, LLC ("Clark Entertainment") appeals a judgment from the Circuit Court of Jackson County, Missouri ("trial court"), dismissing the case with prejudice due to the trial court's determination that it lacked jurisdiction over the matter. On appeal, Clark Entertainment argues the trial court erred in dismissing the case because the petition for administrative review was timely filed, and thus, the matter was properly before the trial court.  Finding the trial court lacked the statutory authority to review the administrative proceeding, we affirm.

## Factual and Procedural Background

Clark Entertainment operates Rendezvous Lounge ("Rendezvous") located in Kansas City, Missouri. On August 5, 2020, the City of Kansas City, Missouri ("City"), through its Regulated Industries Division, issued Clark Entertainment a retail sales-by-drink license, a retail-sales-by-drink Sunday license, and a convention trade area 3 a.m. alcohol sales permit for Rendezvous. On March 19, 2021, Jim Ready ("Ready"), Manager of Regulated Industries Division, issued a notice of recommendation for revocation to request a hearing before the Liquor Control Board of Review of Kansas City, Missouri ("Board") to revoke all of Rendezvous's liquor licenses and permits.

The Board held an administrative hearing on July 13, and July 19, 2021; Clark Entertainment and the City were present. On or about August 16, 2021, the Board sent a letter of its findings and decision to Clark Entertainment that its convention trade area 3 a.m. alcohol sales permit was to be revoked, but it would retain its remaining licenses to sell liquor. Clark Entertainment received this letter on or about August 20, 2021.

On September 16, 2021, Clark Entertainment filed a petition for administrative review of the Board's decision with the trial court, listing Ready and the Board as Respondents. On October 28, 2021, the trial court dismissed the case without prejudice. The same day, Clark Entertainment filed a motion to reconsider. On November 4, 2021, the trial court denied the motion. On July 11, 2022, Clark Entertainment filed a notice of appeal to this Court, asserting the trial court erred in dismissing the case. On August 19, 2022, this Court dismissed Clark Entertainment's appeal as untimely filed.

2

Clark Entertainment re-filed a petition for administrative review with the trial court on November 8, 2021. On May 11, 2022, Respondents filed a motion to dismiss, asserting the trial court lacked jurisdiction because Clark Entertainment's petition was untimely filed pursuant to section 536.110.1. On June 1, 2022, the trial court issued an order granting Respondents' motion to dismiss. The trial court entered a final judgment on August 26, 2022, finding it lacked jurisdiction to hear the matter and dismissed the action with prejudice. This appeal follows.

## Standard of Review

As an initial matter, Clark Entertainment's Brief fails to comply with Rule 84.04's requirements in many respects.[1] Compliance with Rule 84.04 is mandatory, and the failure to do so preserves nothing for review. *Burgan v. Newman*, 618 S.W.3d 712, 714 (Mo. App. E.D. 2021). Our Court, however, has the discretion to review noncompliant briefs only when "we can ascertain the gist of an appellant's arguments . . . ." *Id.* Therefore, we endeavor to address the legal arguments Clark Entertainment appears to be making and decide this case on the merits.

Clark Entertainment argues the trial court erred in dismissing its petition for administrative review because it was timely filed and the trial court had jurisdiction over the matter. We review a trial court's grant of a motion to dismiss *de novo*. *Giudicy v. Mercy Hosps. E. Cmtys.*, 645 S.W.3d 492, 496 (Mo. banc 2022).

---

[1] All rule references are to Missouri Supreme Court Rules (2023).

**Analysis**

Clark Entertainment argues the trial court erred in dismissing the case for lack of jurisdiction because the petition for administrative review was timely filed pursuant to section 536.110's thirty-day time period.[2] We disagree.

Under section 536.110.1, proceedings for judicial review of administrative decisions, "may be instituted by filing a petition in the circuit court of the county of proper venue within thirty days after the mailing or delivery of the notice of the agency's final decision."[3] Section 536.110's thirty-day period "begins to run on the date of mailing, not the date of receipt." *Session v. Dir. of Revenue*, 417 S.W.3d 898, 903 (Mo. App. W.D. 2014). There is no exception to this timing requirement, and thus, a petition for administrative review filed beyond the thirty-day period deprives a circuit court of authority to review the petition. *Williams v. City of Kinloch*, 657 S.W.3d 236, 242 (Mo. App. E.D. 2022). When a circuit court lacks authority, it must exercise its inherent power to dismiss the petition. *Id.*

Clark Entertainment asserts its first petition for administrative review was timely filed and argues section 536.110's thirty-day period was tolled for the duration of the first case. Under this proposed framework, Clark Entertainment concludes its second petition was timely filed, and the trial court erred in dismissing its petition with prejudice because the statutory deadline was tolled by the earlier action.

---

[2] We note the trial court and the parties improperly categorize this as a case addressing the "jurisdiction" of the trial court. As our Supreme Court has set forth, this is an issue of the trial court's "statutory authority" rather than its "jurisdiction". *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 255 (Mo. banc 2009).

[3] All statutory citations are to Revised Statutes of Missouri (2016) as currently updated, unless otherwise noted.

4

We find Clark Entertainment's petition for administrative review, filed on November 8, 2021, to be untimely, thereby depriving the trial court of authority to review the Board's decision. Clark Entertainment's second petition for administrative review was filed eighty-four days after the Board's final decision was mailed to Clark Entertainment. Since Clark Entertainment did not adhere to section 536.110's timing requirement, the trial court had no authority over the case except to dismiss the petition. *See Smith v. City of Saint Louis*, 573 S.W.3d 705, 716 (Mo. App. E.D. 2019) (holding trial court was without authority to review an administrative proceeding that was untimely filed under section 536.110); *State Bd. of Registration for Healing Arts v. Draper*, 280 S.W.3d 134, 136-37 (Mo. App. E.D. 2009) (finding trial court lacked authority to review a petition filed one day late under section 536.110's timing requirement).

It is well-established there is no exception to section 536.110's thirty-day period, and Clark Entertainment cites to no legal authority allowing this time period to be tolled or extended. Therefore, Clark Entertainment's petition for administrative review was untimely filed and the trial court lacked the authority to review the Board's final decision.

## Conclusion

We affirm the judgment of the trial court.

_____
Gary D. Witt, Judge

All concur